## Hild, Appellant, v. Dunn.

Argued January 10, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George T. Steeley,* with him *William A. Carr* and *Sidney L. Krauss,* for appellant.—Where a rule is argued on petition and answer, the averments in the answer must be taken to be true, and as admitted by the petitioner: Massey & Son v. Dunn, 38 Pa. C. C. 63; Gengenbach v. Park Co., 280 Pa. 278.

Plaintiff was entitled to issue execution on default: Warwick Iron Co. v. Morton, 148 Pa. 72; Robinson v. Loomis, 51 Pa. 78.

*Yale L. Schekter,* for appellee.—The fundamental rule of interpretation is that the true intent of the parties is to be ascertained by a survey of the entire contract and of the purposes intended to be accomplished by the parties: Williamson v. McClure, 37 Pa. 402; Vulcanite Paving Co. v. Phila., 239 Pa. 524.

If possible, a contract must be so interpreted as to give effect to all of its provisions: Vulcanite Paving Co. v. Phila., 239 Pa. 524.

Opinion by Mr. Justice Simpson, February 1, 1933:

Plaintiff sued her father to recover certain sums of money which she alleged he had agreed to pay her monthly, during a period of years. He denied all liability, but, when the case came to trial, they made a written agreement for settlement of that controversy. By virtue of it, judgment was confessed for $12,600, payable in "monthly installments of $75 on the 15th day of each and every month" until the full amount was paid, subject, however, to certain provisions hereinafter set forth. After a few payments had been made, defendant neglected to pay one of the $75 installments, whereupon plaintiff, without, so far as appears, making any demand upon defendant for payment thereof, and without giving any notice of her intention, filed an affidavit of default, assessed the damages at the entire balance of the $12,600, and issued execution for that amount. Plaintiff claims that she had a right to do this, but, on defendant's petition and plaintiff's answer thereto, and without the taking of depositions, the court below stayed "the execution except as to the amount of the installments actually in arrears." From this order, plaintiff appeals and the only question we are called upon to decide is whether or not the written agreement of settlement, when properly interpreted, justifies that order.

What then says the agreement? After reciting the then pending suit, it specifies that therein a verdict and judgment for $12,600 may be entered in favor of plaintiff, and continues as follows: "4. That plaintiff accepts the judgment on the said verdict in full settlement of all and every claim against the defendant arising out of the cause of action in the aforesaid suit. 5. That the defendant may pay the judgment entered on said verdict in monthly installments of $75 on the 15th day of each and every month until the judgment is fully paid. 6. That if the defendant should fail to pay any monthly installment within thirty days after it becomes due, the plaintiff may issue execution on said judgment, as well

as take any other action she may deem necessary, in equity or law, to enforce the collection of the said judgment. 7. That if at any time the rental of $700 per month now being paid by the lessee of the theatre premises at the N. W. Corner of 24th & Brown Streets, Philadelphia, is reduced or omitted, the monthly payments of $75 above mentioned shall be correspondingly and proportionately reduced or abated during the period of such reduction or omission of the $700 rental." If the theatre premises becomes vacant, and defendant takes possession and operates it, the rental value shall be agreed upon or determined by arbitration "and the monthly payments of $75 aforesaid shall be reduced proportionately to the rental values so found." If the lessee purchases the theatre premises for $95,000, as provided in the lease, plaintiff shall receive $10,000, and all liability under the agreement "shall cease and be cancelled." If the theatre property "is sold otherwise than in pursuance of said option, the balance due on the aforesaid judgment shall be paid at the settlement."

Plaintiff's first claim is that, as the proceeding was heard upon petition and answer, all the relevant averments of the latter must be accepted as true. This would be so, if defendant had ordered it for a hearing in that way: Kelly v. International Clay Products Co., 291 Pa. 383; Welmet B. & L. Assn. v. Marchica, 310 Pa. 275. It does not appear from this record, however, which litigant ordered the case for a hearing. She next contends that paragraph 6 of the agreement, above quoted, compels a decision in her favor. It does say that in case of a default, "plaintiff may issue execution on said judgment." But for what sum? This is the vital point, and on it the agreement is silent. She contends, however, that a right to "issue execution on said judgment" must mean to recover its full amount. We may agree that this would be so if it stood alone, but it does not so stand. In Williamson v. McClure, 37 Pa. 402, 412, we said: "The words of that clause would, if taken alone,

bear the construction placed upon them, but the parties did not place them alone, but connected them with other essential provisions, and we must read them as they wrote them, and give them the effect, but no more than the effect, which they intended they should have." To the same effect are Saltsburg Gas Co. v. Saltsburg Boro., 138 Pa. 250, 254, and Berkley v. Maxwell Motor Sales Corporation, 70 Pa. Superior Ct. 418, 422; and it is indeed but a necessary conclusion from the maxim ex antecedentibus et consequentibus fit optima interpretatio.

There are, however, a few principles which must be steadily kept in mind, in determining which of the differing constructions of paragraph 6 is the correct one. "An agreement is the assent of two minds to the same thing. It should be construed in the light of the facts and circumstances under which the parties contracted. These form a sort of context that may properly be resorted to as an aid in interpreting the contract, to the end that the objects and purposes of the parties may be carried into effect.": Nimlet's Est., 299 Pa. 359, and cases cited therein at page 365. "It is axiomatic that all contracts must be construed with reference to their subject-matter and obvious purposes, and, however general the language may be, their scope and effect are necessarily so limited and controlled.": Schnee v. Elston, 299 Pa. 100, and cases cited therein at page 106; McFadden v. Lineweaver & Co., Inc., 297 Pa. 278; verba generalia restringuntur ad habilitatem rei vel personam. Inasmuch as paragraph 6, if construed as contended for by plaintiff, would result in taking from defendant the right to pay in installments, which is clearly given in another paragraph, it is in the nature of a forfeiture, and must be so construed as not to have that meaning if, on a consideration of all the facts and circumstances, a substantial doubt exists as to this having been the intention of the parties: Henry B. Chew's App., 45 Pa. 228; Friend's Est., 209 Pa. 442, 446; McCalla's Est., 16 Pa. Superior Ct. 202, 205.

In reviewing the present agreement, in the light of the above principles, the court below well said: "The agreement between the parties emphasizes the fact that the monthly obligation to pay $75 to the plaintiff was not absolute, but was strictly dependent upon the defendant receiving the rental, because if the rental was reduced or wholly stopped, and if the lessees moved out and the defendant himself took possession, a new computation of rental value was to be made and a correspondingly different scale of payments to the plaintiff was to be made. It seems obvious, therefore, there was no intention whatever that the plaintiff should receive an absolute and fixed sum of $12,600 from the defendant, or that any such sum was considered as being due by the defendant to the plaintiff, but that judgment in that amount was entered merely to secure the installment payments that were to be made by the defendant to the plaintiff over a long course of years...... It would seem incredible, considering the history and nature of the controversy and the compromise agreement, that the parties should have intended that a failure to pay any monthly installment should result in the entire sum becoming due and payable, inasmuch as the amount of the judgment was not really a sum due or that might become due, and the exact amount that the defendant would ultimately have to pay the plaintiff could not be ascertained [at any given time]...... In short, the case is obviously different from one in which a fixed sum is agreed to be actually due and is ultimately to be paid in its entirety, but the payments are to be in installments—in which case a provision that the whole sum is to be paid forthwith, if any installment should not be paid, merely anticipates the payment of an amount that will have to be paid finally in any event, and does not involve the penalty of a much larger payment than otherwise might have been required."

It is not necessary to pursue the subject further; but it may not be inappropriate to add that we cannot shut

our eyes to the fact that when lawyers draw an agreement (as they did this one) intending that a single default shall defeat a right clearly expressed therein, authorizing payment to be made in installments, they practically always add a clause to the effect that, in such event, "the whole balance of the debt shall forthwith become due and payable, and execution may at once issue to recover the same, anything hereinbefore contained to the contrary notwithstanding." Nothing in the remotest degree akin to this appears in the present agreement.

We are, therefore, of opinion that the statement in paragraph 6 of the agreement, specifying that in case of a default in paying a monthly installment, "plaintiff may issue execution on said judgment," simply means that she may, from time to time, "issue execution on said judgment" for the amount of the then present default or defaults.

The order of the court below is affirmed.