DuBois Lumber and Coal Company, Appellant, v. Strouse.

Argued December 12, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

8

*Julian W. Barnard,* and with him *Charles Townsley Larzelere* of *Larzelere & Wright,* for appellant.

*Robert Trucksess,* for appellee.

OPINION BY STADTFELD, J., February 1, 1934:

This was an action of assumpsit by DuBois Lumber and Coal Company against Clarence Strouse and Pearl Strouse, his wife, to recover the sum of $292.57, with interest, being the price of building materials delivered to a property under construction, upon the order of the husband on certain real estate alleged to be owned by the defendants. The statement avers that on or about the 15th day of August, 1930, plaintiff submitted to the defendants a bid in writing, offering to sell and supply the materials designated therein for $288.47; that shortly thereafter the defendants, acting by the said Clarence Strouse, accepted said bid and ordered plaintiff to deliver the materials specified; that plaintiff did subsequently deliver all of the materials ordered; that subsequently plaintiff, at the request of the defendants, acting by and through the said Clarence Strouse, sold and delivered certain extra items of lumber and millwork, amounting to $10.39; that after giving credit for certain material returned, amounting to $6.29, defendants were indebted to plaintiffs in the sum of $292.57; that the said Clarence Strouse acted on behalf of himself and his co-defendant, Pearl Strouse, who was fully aware of the activities of the said Clarence Strouse and accepted the benefit thereof.

The wife defendant, Pearl Strouse, filed a separate affidavit of defense in which she averred lack of knowledge as to whether her husband had ordered the material in question, but denied that he acted for and on her behalf if he did so; she denied that she was fully aware of the activities of her co-defendant or that she

accepted the benefit thereof. She denied that the defendants at the times the materials were furnished, were the owners of the real estate referred to, but admitted that on March 25, 1931, a deed for the said premises from Elizabeth May Delp, et vir, to Clarence V. Strouse et ux, was recorded.

The case was tried before a court and jury and resulted in a verdict in favor of plaintiff against Clarence Strouse, but in favor of his co-defendant, Pearl Strouse. Motion ex parte plaintiff for new trial was overruled in an opinion by WILLIAMS, P. J. From the judgment entered on the verdict in favor of Pearl Strouse this appeal was taken by plaintiff.

The assignments of error relate, (1) to the affirmance of defendant's second point, that the plaintiff cannot recover against the defendant, Pearl Strouse, unless the jury find from the evidence that her husband, Clarence Strouse, was acting for and on her behalf and with her knowledge and consent, and (2) that the charge of the court was inadequate in failing to instruct the jury as to the liability of one partner for the acts of another partner in ordering goods for the partnership enterprise.

At the trial of the case, Pearl Strouse, of defendants, was called as for cross-examination. Her testimony disclosed that her husband had been engaged in the building business, building houses and selling them, for some considerable time prior to August, 1930; that she was in partnership with her husband, that she was interested with her husband as business partners in the construction of the house in question; that the title to the property was taken in their joint names on October 27, 1930, after the completion of the house; that at least in one previous transaction, where similar goods had been sold under the same circumstances, and used in the same house, the same were paid for by the check of the said Pearl Strouse, dated

August 12, 1930, drawn on the Peoples National Bank, to the order of Du Bois Lumber and Coal Company; that her husband did not bother with the checking account; that all the money, and the checking account was in her name, and that the husband always directed her what to do.

Pearl Strouse, on being recalled as a witness on her own behalf, testified that previous to August 15, 1930, she was not acting jointly with her husband in the erection of this particular house; that they had loaned Mr. Delp, who with his wife owned the property, twenty-five hundred dollars upon first mortgage; that the check which she had given was on account of this mortgage; that when she testified, on being called for cross-examination, that she and her husband were partners she misunderstood the question; that when Mr. Strouse builds for himself, she generally takes an interest, but in this instance he was not building for himself.

The verdict in favor of plaintiff and against the husband establishes that the goods were ordered and received by the husband. There was no evidence from which it could have been found that the wife defendant had any actual knowledge that her husband was ordering the goods in suit, although she did testify that she knew somebody had to order materials for the house to be built. She denied any knowledge of the ordering of these particular goods until months afterwards when a bill was presented to her.

The court evidently ignored her entire testimony as to the business relations with her husband, when it affirmed defendant's second point to the effect that plaintiff cannot recover against the defendant, Pearl Strouse, unless the jury find from the evidence that her husband, Clarence Strouse, was acting for and on her behalf and with her knowledge and consent. The contradictory statements of Pearl Strouse were for

the consideration of the jury and were competent evidence to be submitted to the jury on the question whether or not she was actively interested as a partner with her husband in his business enterprises generally, or in a joint enterprise in the construction of this particular house. In either instance, it would have been immaterial, insofar as plaintiff's right to recover against her was concerned, whether or not she had any actual knowledge of the particular transaction at the time. In addition, the evidence of the check given by her for material furnished for the same house on the order of her husband a short time prior to the furnishing of the goods in suit, was a circumstance for the consideration of the jury on the question of the agency of her husband. In affirming the point referred to it was equivalent to giving binding instructions in favor of Pearl Strouse, defendant, when the court instructed the jury that they could not find against the wife defendant unless they also found that her husband, in ordering the goods, was acting with her knowledge and consent.

While the statement of claim did not allege copartnership relation, it did aver a joint enterprise, and the testimony of Pearl Strouse, of defendants, was sufficient to warrant the submission to the jury of the question of what the actual business relationship was. In any event, the court should have instructed the jury as to the authority of a partner or one interested with another in a joint enterprise, in relation to a partnership transaction or to anything connected with the joint enterprise. The charge is entirely lacking in that respect. A similar question was before this court in the case of Draude & Donnelly, Inc. v. Wolstenholme, 89 Pa. Superior Ct. 428, wherein we said, through Porter, P. J.: "A litigant is entitled, as a matter of right, to except generally to a charge, and under such an exception, he may assign all actual

errors of law or any material matter that is so inadequately presented as to be calculated to mislead the jury. Moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved, or their duties in connection therewith." While in that case the judgment was affirmed because defendants' counsel made no request for further instructions, although the court asked upon completion of its charge "Is there anything else," in the instant case no such opportunity was afforded.

The assignments of error are sustained and the judgment reversed and new trial granted.