Opinion by
 

 Stadteeld, J.,
 

 This is an action in assumpsit. Plaintiff, a contractor and lumber dealer, seeks to recover the sum of $332.70 for lumber, material and labor furnished the defendants in the years 1927 and 1928. It was conceded that the lumber, material and labor went into the dwelling occupied by defendants as husband and wife. Plaintiff claims the material was furnished at the special instance and request of both defendants.
 

 Joseph Harakal defended upon the ground that the statute of limitations had run as against the claim. His wife, Anna Harakal, denied that the goods had been sold and delivered to herself and her husband jointly at their joint request.
 

 This action was instituted on Nov. 26, 1935, and the tolling of the statute, depended upon a certain payment of $20, plaintiff claiming the payment was made on Nov. 30, 1929. Defendant claimed that the last payment was on April 9, 1929. If there was no payment on Nov. 30, then the statute of limitations had run and the action was begun too late.
 

 This case was submitted to the jury who found a verdict in favor of the plaintiff against both defendants in the amount of $332.70 and interest. Defendants’ motion for judgment n. o. v. was denied. This appeal followed, but was subsequently discontinued as to the defendant, Joseph Harakal.
 

 At the trial of the cause, defendants’ counsel placed in evidence certain deeds shoAving that Joseph Harakal alone acquired title to the premises on the 27th of August, 1912 from the Coxe Grove Realty Company and on the 15th of January, 1935, executed a deed to Susan War go, who by deed of the same date, conveyed
 
 *187
 
 title back to Joseph Harakal and Anna Harakal, his wife. The oral testimony on the question of ownership of the property was as follows: “By the Court: Q. Who owns that property? A. (Mrs. Harakal): It is in both our names, I suppose. Q. On both names? A. How.” Ho more evidence as to the ownership at the time plaintiff furnished the lumber for its remodelling appears in the record.
 

 Mrs. Harakal testified that she “never made no contracts or nothing” with Mr. Gower, nor had she asked that any material be delivered, but that her husband, Mr. Harakal, made the arrangements — did the business with Mr. Gower. She also testified, however, that she lived in the house when the material was furnished, saw the repairs being made, and made no objections to the repairs; further she admitted owing plaintiff the money and having made payments on account to plaintiff.
 

 On the stand, Mr. Harakal, when asked whether he admitted owing plaintiff the money, answered, “Sure, I owe him money.”
 

 Mr. Gower was called by defendant’s counsel for cross-examination. He testified that his “dealings” were with both Mr. and Mrs. Harakal, but with Mrs. Harakal most of the time; that Mrs. Harakal made all the payments and Mr. Harakal none of them; and that Mrs. Harakal “ordered the carpenter what to do.”
 

 Where there is ample testimony to support the findings of the jury, they will not be disturbed upon appeal:
 
 Rose v. Cauffiel,
 
 313 Pa. 308, 169 A. 80. That case decided that where there was evidence that father and son jointly employed plaintiff attorney to defend the father, a verdict for the plaintiff could not, on son’s appeal, be disturbed on the ground that the son was guarantor and was not liable under the statute of frauds. In the instant case, there is ample evidence to support the verdict of the jury that both husband and
 
 *188
 
 wife had jointly requested plaintiff to furnish the material and labor for remodelling their house. With the exception of such disabilities as are particularly specified in or are contemplated by statute, married women are emancipated from their common law disabilities and are authorized to incur contract liabilities as if they were femes sole:
 
 Newtown Title & Trust Co. v. Underwood, 3
 
 17 Pa. 212, 214, 177 A. 27.
 

 The appellant here also contends that the court below committed prejudicial error in its charge to the jury. In the instant case, the court, at the conclusion of the charge said: “Is there anything else you desire me to say?” Counsel for defendants then requested the court to call the attention of the jury to a letter by plaintiff’s attorney and to a statement or bill rendered for material “sold to Joseph Harakal.” This the court did. No further requests were made by either counsel nor were any exceptions, general or special, taken to the charge, as a whole or in part. That appellant should now be heard to complain runs counter to the principles established by the Supreme Court of this Commonwealth and followed by this court.
 

 In the case of
 
 Draude & Donnelly, Inc. v. Wolstenholme & Son, Inc.,
 
 89 Pa. Superior Ct. 428, where a general exception had been taken to the charge of the court below, this court said at pp. 430, 431: “
 
 ‘A
 
 litigant is entitled as a matter of right to except generally to a charge, and under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect isi to give a wrong or misleading impression to the jurors concerning the material issues involved, or their duties in connection therewith. But, it is still the general rule that, “error cannot be assigned of what was not said by a trial judge,
 

 
 *189
 
 without a request so to charge” ’:
 
 Mastel v. Walker,
 
 246 Pa. 71;
 
 Snyder v. Reading Co.,
 
 284 Pa. 59. In the present case, the court, upon the conclusion of the charge said: ‘I will be glad to give any other instructions counsel desire.’ Counsel for the defendant thereupon requested the court to charge the jury that they should consider the testimony of a certain witness on behalf of the defendant, which the court had not referred to in the charge. The court complied with this request by reading to the jury the testimony of that witness. The court then said ‘Is there anything else’ and counsel for the defendant made no request for further instructions and simply asked for a general exception to the charge. If the learned counsel representing the defendant desired further instructions to the jury then was the time to make his request; having taken his chances on a verdict, he should not now complain of mere omissions:
 
 Mastel v. Walker,
 
 supra.”
 

 In the instant case, the part of the charge objected to related to the liability of defendant, Mrs. Harakal, on the basis of her ownership of the property. If there was any error in the charge, it was not only harmless, but even of affirmative advantage? to defendant. It instructed the jury to find this defendant not liable “if she had no title in 1927 and 1928 (when the material was furnished by plaintiff) ......being a married woman she would not be responsible for the obligations of her husband.......”, when the jury, disregarding the question of ownership entirely, could have found, and did find, defendant liable together with her husband on a joint contractual relationship with plaintiff, arising out of a joint request for the material furnished:
 
 DuBois Lumber & Coal Co. v. Strouse,
 
 112 Pa. Superior Ct. 6, 170 A. 412.
 

 Assignments of error are overruled and judgment is affirmed.