Bertolet *v.* Lanard, Appellant.

Argued November 21, 1938.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*George H. Detweiler,* for appellant.

*Lawrence Potamkin,* with him *Peter P. Zion,* for appellee.

OPINION BY CUNNINGHAM, J., April 12, 1939:

The plaintiff, William H. Bertolet, Jr., formerly a director and stockholder of the Pilgrim Title & Trust Company, brought this action to recover certain moneys from Thomas Lanard, an attorney and also formerly a director and stockholder of the same trust company. The court below entered judgment against Lanard for want of a sufficient affidavit of defense, upon the ground that a certain judgment obtained in the court below by Bernard N. Levene, a third director of the corporation, against Lanard in 1936, and affirmed by both appellate courts (126 Pa. Superior Ct. 573, 191 A. 219, and 329 Pa. 240, 198 A. 4), so controls the disposition of the present claim as to require the entry of a similar judgment in favor of the plaintiff in this case. From the judgment so entered the defendant has appealed.

By reason of a modification in the form of the judgment after the original appeal had been taken, a second appeal was deemed necessary; hence the above term numbers.

The single question here involved is whether the court below erred in entering the present summary judgment through the application of the doctrine of res adjudicata.

In its disposition, the scope and limitations of the doctrine must be kept in mind; both have been clearly defined by our Supreme Court. As stated in *Hochman v. Mortgage Finance Corporation et al.,* 289 Pa. 260, 263, 137 A. 252, its function is to prevent "a second trial on the same cause between the same parties." In that case it was also said: "It is a general principle of

public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. ...... The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule."

The general requisites for the application of the principle of res adjudicata were set forth by Mr. Justice Brown, speaking for our Supreme Court in *Siegfried v. Boyd et al.*, 237 Pa. 55, 85 A. 72, as follows (page 59) : "In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) *Identity in the thing sued for;* (2) identity of the cause of action; (3) *identity of persons and of parties to the action;* (4) identity of the quality in the persons for or against whom the claim is made: Vide cases cited in 2 Bouvier (Rawle's edition) 898." (Italics supplied) To the same effect are: *Bucks v. American Cigar Box Lumber Co.*, 112 Pa. Superior Ct. 193, 197, 170 A. 373, and *Bennett, Trustee, v. Erwin et al.*, 325 Pa. 330, 189 A. 675.

As the judgment with which we are concerned was entered upon the pleadings, we must ascertain from them what the appellee is suing for and the grounds upon which recovery is sought. The basis of the present action, as set forth in appellee's statement of claim, is as follows: Appellee was a stockholder and director of the Pilgrim Title & Trust Company (hereinafter referred to as Pilgrim) ; appellant was also a stockholder and director, and acted as counsel for the company. Prior to March of 1925, Pilgrim had made certain loans

to Brown & Stevens and taken as collateral upon a note for $15,000, inter alia, two certificates of deposit issued by the Cosmopolitan State Bank of Philadelphia, one in the face amount of $10,000 and the other $5,000. These certificates were kept separate and apart and were not at any time made part of the assets of Pilgrim.

In March of 1925 a representative of the Secretary of Banking demanded that a cash fund of $33,000 be raised to prevent impairment of Pilgrim's capital through losses on the Brown & Stevens' loans. In paragraph six it is alleged that appellant, "acting as counsel for the plaintiff and other stockholders and directors of the said bank, who were asked to contribute to the said sum of $33,000, advised the plaintiff and such others that he and they would be fully protected as to approximately one-half of their contribution to the fund in that if the above fund were not returned they would receive the benefit of the aforesaid certificates of deposit." In reliance upon that statement and representation of the appellant as counsel, appellee contributed $3,053.26 or 9 and 14/100 per cent of the $33,000 fund.

Paragraph nine contains the averment that "defendant acted as counsel for the plaintiff and other contributors to the aforesaid fund throughout the transaction, and agreed and undertook for them and on their behalf to collect any moneys that might be payable because of said certificates of deposit. Thereafter, the defendant retained control of the said certificates of deposit." Although Pilgrim sold most of its assets to the William Penn Title & Trust Company on October 20, 1926, these two certificates of deposit were not included in the transfer, but were retained by Lanard "for the benefit of the plaintiff and other contributors to the aforesaid fund ......"

In July of 1932 appellee learned that appellant had received, about March 7, 1930, a dividend of $4,950 on the certificate from the Secretary of Banking then in possession of the Cosmopolitan State Bank, and in the

following September demanded of appellant his proportionate share of the dividend, but payment was refused.

Later, in December of 1934, appellee learned of an earlier dividend of $5,400, paid March 2, 1927, to appellant on these certificates, and of a third dividend of $675, paid appellant on April 18, 1934.

Under these averments, appellee claimed of appellant "the [principal] sum of $1,007.69," as his proportionate share of the dividends received by appellant upon the Cosmopolitan Bank certificates. In addition, appellee averred in the sixteenth paragraph of his statement that "the facts and the issue herein set forth between this plaintiff and the defendant are res adjudicata and were decided in [the previous case of] *Bernard N. Levene v. Thomas S. Lanard,*" supra.

Appellant's defense as pleaded in his affidavit was substantially as follows:

The $33,000 impairment of capital of Pilgrim was general and not directly related to the Brown & Stevens' loans; the Cosmopolitan certificates of deposit were not in appellant's possession but were a part of the assets of Pilgrim and were sold to William Penn Title & Trust Company in October of 1926 when the latter took over all assets of Pilgrim and assumed its liabilities. The contribution of appellee to the fund required by the Secretary of Banking was an unconditional donation in cash and was not related particularly to the Brown & Stevens' loans, nor was it made under any stipulation relative to repayment from the Cosmopolitan Bank certificates.

In paragraph six of his affidavit appellant alleged: "The defendant was never counsel for nor acted on behalf of the plaintiff *as an individual,* nor did he at any time ever give him any advice in an *individual capacity,* nor did he advise him that he would receive the benefit of the aforesaid certificates of deposit." (Italics supplied) Receipt of the dividends of $4,950

and $5,400, respectively, is admitted, but it is averred that both checks were drawn to appellant's order as attorney for Pilgrim and that the funds represented thereby "were the property of the Pilgrim Title & Trust Company and its successor the William Penn . . . . . ." Appellant denied receipt of the $675 dividend, and as to the $5,400 dividend also pleaded the statute of limitations.

The concluding paragraph of the main affidavit reads in part: "Defendant denies that the facts and the issue in this case are res adjudicata . . . . . . The parties to the present proceeding are not the same as were the parties in the case of *Levene v. Lanard,* [supra], also there are many questions of fact raised in this case which were not raised in [that] case."

The remaining portion of the affidavit of defense, entitled "New Matter," need not be reviewed in detail, except to say that it averred facts tending to show that the proceeds of the certificates were assets of Pilgrim, later turned over in the process of liquidation to William Penn; that appellee was one of four trustees for the benefit of Pilgrim stockholders, and appellant was retained as attorney for them; that in various previous disputes between these trustees and William Penn concerning former assets of Pilgrim, including the two certificates of deposit of the Cosmopolitan Bank, it had been determined that they belonged to William Penn.

The case of *Levene v. Lanard,* supra, as shown by the record therein, was based upon, and must be held to have adjudicated, the following facts: Levene, like Bertolet, a stockholder and director of Pilgrim, contributed $1,800 to the fund of $33,000, raised among the directors and stockholders of Pilgrim, upon the representation and advice of Lanard (acting as counsel for him and the other stockholders and directors of Pilgrim who were asked to contribute) that Levene would be entitled to a proportionate share of the proceeds of the two certificates of deposit of the Cosmo-

politan State Bank, formerly collateral on the Brown & Stevens' loans. Lanard collected two dividends on these certificates ($5,400 on April 5, 1927 and $4,950 on March 3, 1930), a proportionate part of which, it was determined, he held for the benefit of Levene.

It is apparent that the restoration fund, the certificates of deposit, and two of the dividends collected thereon, which are mentioned in the present pleadings, are the same fund, certificates and dividends as those involved in the former case. There is no averment, however, of any agreement or stipulation that Lanard's liability to the appellee herein, or any other contributor to the fund, should be determined by the result of the Levene case.

Appellee, by pleading the record in the Levene case for the purpose of showing that his right to recover has already been adjudicated and the question being determinable from an inspection of that record, has made the inquiry now before us a matter of law: *Page v. Kegel et al.*, 127 Pa. Superior Ct. 246, 193 A. 110, and cases there cited.

In our opinion, the controlling principles of law to which we have referred were not properly applied by the court below in its disposition of this case. Here, identity of parties and cause of action are both lacking. True, the same defendant and the same certificates and dividends figure in both cases, but the respective plaintiffs are different persons, each of whom sued upon a distinct promise and representation alleged to have been made by Lanard to them individually. Neither action was a joint one by the contributing stockholders and directors of Pilgrim. Obviously, a relationship and undertaking assumed by Lanard in behalf of Levene furnishes, upon its breach, a different cause of action than a similar undertaking on behalf of appellee would create when similarly breached. The causes of action being separate and distinct, a defense bad in one might be good in the other. For instance,

by reason of a difference in the dates of the discovery of the alleged frauds and in bringing suit, the bar of the statute of limitations might possibly be successfully pleaded in one case but not in the other.

The principle that a previous judgment on a different cause of action, involving different parties, is not res adjudicata of a second suit, although both may have grown out of the same subject matter, has been applied to tort claims arising out of the same accident. Thus in *Phila. Auburn-Cord Co. v. Shockcor,* 133 Pa. Superior Ct. 138, 2 A. (2d) 501, we held that a prior judgment against the president of the plaintiff corporation individually, in his action for personal injuries, was not a bar to a later action by the corporation against the same defendant for property damage to its car sustained in the same accident, quoting and relying upon *Woodburn v. Pennsylvania R. R. Co.,* 294 Pa. 174, 144 A. 93. In the Woodburn case, our Supreme Court held a judgment for the defendant railroad, in a previous suit by the plaintiff's employer for damage to a truck, in the trial of which plaintiff (the driver) had appeared as a witness, as was also the situation here, was properly rejected as res adjudicata of the later suit by the driver against the railroad for personal injuries suffered in the same accident. It was there stated (page 175): "Though the same defendant figures in both cases, yet, since the record tendered as evidence involved an issue pending between a plaintiff other than the one now at bar, the mere fact that the injury to both plaintiffs occurred in the same accident and that the present plaintiff appeared as a witness for the other plaintiff, would not make the judgment for defendant in such other suit res judicata in this suit: *Walker v. Phila.,* 195 Pa. 168, 173-4; *Siegfried v. Boyd,* 237 Pa. 55, 58-60." See also *Williams v. Lumbermen's Ins. Co. of Philadelphia,* 332 Pa. 1, 1 A. (2d) 658.

In the course of the opinion of this court in the Levene case we adopted some broad and general lan-

guage used by the trial judge in that case to the effect that the "contributors [to the fund] were clearly entitled to those dividends, etc." It is clear from the opinion as a whole, however, that all we actually did was to affirm the findings of the trial judge on matters of fact and law to the effect that Lanard was liable to Levene for the latter's individual share. None of the other contributing directors was a party to that case and the general language and discussion in that opinion must be read with that fact in mind.

If Lanard had successfully defended himself against Levene's claim, we have no doubt counsel for the present appellee could have suggested many good reasons why such a result should not be permitted to bar his client from asserting his separate and individual claim upon Lanard's promise to him. We think it equally clear that Lanard is entitled to his day in court—to an opportunity to present whatever defense he may have to the claim now pressed against him by the appellee.

The judgment in its amended form does not seem to make any disposition of a pending rule to strike off the new matter contained in the affidavit of defense. A reply to this new matter should have been filed before the rule for judgment for want of a sufficient affidavit of defense was entered: *National Realty Appraisal Co. v. Art Club of Philadelphia*, 129 Pa. Superior Ct. 99, 195 A. 139.

Judgment reversed with a procedendo.