Northampton Brewery Corp. *v.* Lande, Appellant.

Argued October 4, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Cecil P. Harvey,* with him *David A. Flacker,* for appellant.

*Samuel I. Sacks,* of *Sacks and Piwosky,* for appellee.

Opinion by Baldrige, J., December 19, 1939:

This is an appeal from the order of Bluett, J., of the municipal court granting the prayer of the petitioner to charge the interest of the defendant, an alleged partner in a partnership with a debt owing the plaintiff.

Broadly stated, the question before us is whether a husband and wife may be partners in carrying on a business; more particularly, whether the court below was correct in holding the relationship existing between the appellant and her husband, in conducting a restaurant and grill at 732 Vine Street, Philadelphia, was that of partners rather than of tenants by entireties.

The plaintiff originally obtained a judgment by default against the appellant. Later, it issued an attachment execution, summoning appellant and her husband, trading as Dave's Grill at 732 Vine Street, as garnishees and obtained judgment against them in the Municipal Court of Philadelphia County. When this judgment was appealed to this court (133 Pa. Superior Ct. 181, 2 A. 2d 553) we reversed on the ground that, even if a partnership existed, an attachment execution was not the proper method of reaching the interest of a partner, there being no settlement of account between the partner and the firm, and consequently no debt due which could be the subject of attachment. For that reason we there found it unnecessary to pass upon the question now raised by the present appeal.

At common law, married women, lacking contract capacity generally, could not become partners. Modern legislation has removed almost entirely the legal incapacities of married women. In most jurisdictions they may become members of partnerships and even partners with their husbands: Crane on Partnership, page 32. There can be no doubt that under the existing law in this state a husband and wife may be partners in a business. Any previously existing incapacity of a

married woman to contract in this respect has been removed by statute. This court, in *Loeb v. Mellinger,* 12 Pa. Superior Ct. 592, 597, held that a married woman can engage in a trade or business on her own account since the Act of June 8, 1893, P. L. 344 (48 PS §32). In *Italo-French Produce Co. v. Thomas,* 31 Pa. Superior Ct. 503, we stated that a married woman had the right, if she chose, to become a partner of her husband in a mercantile business, and be subject to the same rights and exposed to the same liabilities as any other member of the partnership. See, also, *Newtown Title and Trust Co. v. Underwood et al.,* 317 Pa. 212, 177 A. 27; *Gower v. Harakal et ux.,* 131 Pa. Superior Ct. 185, 198 A. 923.

While, as above stated, the decisions are not entirely uniform, most of the jurisdictions permit a husband and wife to enter into a business partnership: 30 C. J. 681, §259; 13 R. C. L. §§413-414; pp. 1368-1370; 20 A. L. R. 1304-1317.

A partnership is defined under our Uniform Partnership Act of March 26, 1915, P. L. 18, §6 (59 PS §11) as "an association of two or more persons to carry on as co-owners a *business* for profit." (Italics supplied). In ascertaining whether a partnership exists, it is necessary to consider all of the attending facts and circumstances, and, if the evidence is sufficient, it is for the jury's consideration: *DuBois Lumber & Coal Co. v. Strouse,* 112 Pa. Superior Ct. 6, 170 A. 412. In *Schuster v. Largman et al.,* 308 Pa. 520, 528, 162 A. 305, the Supreme Court said: "The indispensable requisites of a partnership are co-ownership of a business and the sharing of its profits. ...... The fundamental requisite of a partnership is co-ownership of a *business.*" (Italics supplied). See, also, *Provident Trust Co., Exr. v. Rankin et al.,* 333 Pa. 412, 416, 5 A. 2d 214.

A plain distinction exists between a partnership of a husband and wife and a tenancy by entireties, which is recognized by section 7 of our Uniform Partnership Act of 1915, supra (59 PS §12) as follows: "In de-

termining whether a partnership exists, these rules shall apply ...... (2) Joint tenancy, tenancy in common, *tenancy by the entireties,* joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property." (Italics supplied).

A tenancy by entireties, or the holding of property, both real and personal, tangible and intangible, by husband and wife, is a legal conception of long standing in this Commonwealth. The origin, history, and exact nature of a tenancy by entireties, as the doctrine has been adopted and carried out in this state, are exhaustively reviewed by the present Chief Justice in the recent case of *Madden et al. v. Gosztonyi Savings & Trust Co.,* 331 Pa. 476, 200 A. 624. In that case the Supreme Court refused to alter or modify the privileges or attributes of such a tenancy, as applied to bank accounts held by husband and wife as tenants by entireties. Other cases discussing the characteristics of tenancy by entireties are *C. I. T. Corp. v. Flint,* 333 Pa. 350, 5 A. 2d 126; *Wilbur Trust Co. v. Knadler et al.,* 322 Pa. 17, 185 A. 319; *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172. It is evident upon analysis of the above cited authorities that the difference between a tenancy by entireties and a partnership conducted by husband and wife as partners is that the partnership involves, in addition to co-ownership of property, the element of carrying on a business or commercial enterprise for profit.

The controversy giving rise to the present appeal arose upon a petition by appellee to charge the wife's interest in the business conducted by her and her husband at 732 Vine Street. Appellant filed an answer averring "that Beatrice Lande and David Lande as tenants by entireties engaged in business at 732 Vine Street," and denying their relationship in such business was that of partners. If a partnership existed then,

this procedure was proper under section 28 of the Partnership Act of 1915, supra (59 PS §75), which provides: "(1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require."

The court below, without hearing any testimony under the petition, concluded that it had already adjudicated in the previous proceedings between the same parties that the relationship between Beatrice Lande and her husband in conducting the tap room and grill was that of partners. Accordingly, it made an order directing that a receiver be appointed to determine the value of the appellant's interest in the partnership. The appellant, in addition to contending that the parties were tenants by entireties only, alleges that the court below could not determine what the relationship was of her and her husband in conducting the grill without taking testimony. The learned judge below in his opinion stated that that question had already been adjudicated in this court in previous attachment proceedings when a considerable amount of testimony was taken and it was found that under the law a partnership did exist. A motion for a new trial prevailed in the attachment proceedings and the case was tried again before Judge CRANE, who, likewise, determined the existence of a partnership and found for the plaintiff against the garnishee. After the death of Judge CRANE, a motion for a new trial was argued before Judge GLASS, who, in a lengthy opinion, called attention

to the fact that the record showed that "David Lande ...... testified that the restaurant business conducted under the name of The Keg and Dave's Grill were both registered in the name of David Lande and Beatrice Lande ...... that both he and his wife signed the petition for registration under the Fictitious Name Act and that neither registration had been cancelled; ...... that the liquor licenses at both addresses are in the name of Beatrice Lande and David Lande; that those licenses have been renewed every year since 1936, and that both signed the petition for a liquor license and for the renewals ...... that bank accounts were opened in both names ...... that the leases to both places of business are in the names of both of them; that the money that went into each of the businesses aforesaid was borrowed from the banks by both himself and his wife, Beatrice Lande; that the income tax returns for 1936 and 1937 were joint returns of Beatrice and David Lande ...... that he draws and signs the checks and that Beatrice Lande, his wife, can if she wants to; that neither he nor his wife drew a salary."

There can be no dispute as to these facts and as to the manner in which both David Lande and Beatrice Lande conducted the grill and restaurant on Vine Street. The real dispute is to the legal conclusion to be drawn from these facts, namely, for the purpose of this case, were they partners or tenants by entireties? We think the trial court was entirely correct in treating the facts as already adjudicated. As to the general requirements to make a previous determination res adjudicata, see *Bertolet v. Lanard,* 135 Pa. Superior Ct. 245, 247, 5 A. 2d 441.

We see no reason to disturb the conclusions of the learned court below.

The order is affirmed, at appellant's costs.

ORDER DISPOSING OF APPLICATION FOR RE-HEARING, January 17, 1940:

We filed an opinion in this case, affirming the court below in holding that Beatrice Lande and her husband were partners in a joint enterprise; that her interest therein should be charged for the payment of a judgment held by the plaintiff; and that a receiver be appointed to carry out the court's order.

The appellant seeks a reargument. We are not convinced that we erred in deciding the main question, namely, that the husband and wife are partners and not tenants by the entireties in conducting a business at 730-732 Vine Street, Philadelphia. We are of the opinion, however, that, on the record before us, the court below should have limited the plaintiff's right to recover its indebtedness to the business at 730-732 Vine Street only.

The petition to charge the defendant's interest in the partnership alleged that Beatrice Lande and her husband, David Lande, are partners, conducting two restaurants and taprooms, trading as The Keg at 1306 Arch Street, and as Dave's Grill at 730-732 Vine Street, Philadelphia. An answer was filed thereto by Beatrice Lande, who denied that she and her husband are partners in either restaurant and taproom. She averred that she has no interest in the business conducted at 1306 Arch Street, and that her interest in Dave's Grill on Vine Street is that of a tenant by the entireties. The court disposed of the matter on the pleadings.

No testimony was taken and the record does not disclose which of the parties set down this matter for hearing. If it was the plaintiff, then all the relevant averments of fact of the answer must be accepted as true, as there was no replication filed, and all the facts in the petition which were denied in the answer must be rejected: *Welmet B. & L. Assn. v. Matchica,* 310 Pa. 275, 165 A. 227; *Hild v. Dunn,* 310 Pa. 289, 165 A. 228.

If, on the other hand, the case was set down for hearing by the defendant, then testimony should be taken and findings made as to issues of fact raised by the

pleadings, before attempting to charge this indebtedness against the business conducted on Arch Street. Of course, if there is sufficient property for the plaintiff to recover the amount due it from the Vine Street property, no further action will be necessary.

Petition for reargument refused. If, however, further order is necessary to carry out our views, it may be made by the court below.

By the Court.