## Perez et al. v. Thoraldson

*James N. Peck* and *Julian W. Barnard*, for plaintiffs.

*Smillie, Bean & Scirica*, for defendant.

DANNEHOWER, J., August 25, 1952.—This matter arose upon the filing by plaintiffs of a petition for an order to charge the interest of defendant judgment debtor in a certain business in which he was interested. The petition alleged that defendant, Richard Thoraldson, was indebted on a judgment in favor of petitioners in the amount of $4,700 and that he and his wife, Mary, were conducting a taproom business as a partnership.

An answer was filed to the petition denying that defendant and his wife were partners, but rather that the business was conducted by them as tenants by the entireties.

Depositions were taken by defendant and his wife, the depositions and stipulations of counsel were filed, and the case argued before the court en banc.

From the depositions and stipulations the following facts appear to be uncontested: That defendant and his wife purchased real estate, fixtures and personal property of a restaurant business, and upon delivery of the deed conveying to them as tenants by the entireties, took possession and opened a taproom business under the fictitious name of the Blue Ribbon Bar; that both the State liquor license and the Board of Health license are issued in the names of Richard and Mary Thoraldson; that the fictitious names registration for the business is in the names of Richard and Mary Thoraldson; that income tax returns are filed by Rich-

ard and Mary Thoraldson jointly as husband and wife; that both parties devote their full time to the business and maintain their residence within the premises; that both parties maintain a joint bank account in both their names and that of the business; and that neither party draws any salary, the income realized from the conduct of the business being used for their mutual support.

Plaintiffs argue that under these facts the business of defendant and his wife is in fact being conducted as a partnership, and, as such, the interest therein of defendant may be charged for his personal indebtedness. As authority for this principle they cite the case of Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235. The ownership and conduct of the business in the above case were identical with the facts here, except that instead of owning the real estate the parties leased the premises. The court there held that:

". . . the difference between a tenancy by entireties and a partnership conducted by husband and wife as partners is that the partnership involves, in addition to co-ownership of property, the element of carrying on a business or commercial enterprise for profit."

As a flat statement of law this statement by the court is not supported by case law in Pennsylvania either before or after that decision, or by the Uniform Partnership Act. It is our opinion that such a decision must be confined to the factual situation under which the case arose and thus we are not inclined to follow the above statement of the court in this case.

What the origin of the claim was in the Northampton Brewery Case cannot be determined from the report for the case. However, from the facts that defendant was there engaged in the taproom business and plaintiff was a brewery, it is probable that the claim arose out of the conduct of the business. As between the alleged partners and third parties there

may well arise a partnership by estoppel by virtue of the conduct of the business and the misleading of persons dealing with the business thus conducted.

Such a situation does not apply to the instant case. This judgment arose from a cause of action separate and distinct from the conduct of this taproom business. Therefore, to determine whether a partnership business exists we must look to the intention of the parties, since the mere common ownership of property does not of itself create the relation of partnership between the owners thereof even though such owners use the common property for the purpose of gain: Butler Savings Bank v. Osborne et al., 159 Pa. 10; Dunham v. Loverock, 158 Pa. 197; Neill v. Shamburg et al., 158 Pa. 263. Further, the Uniform Partnership Act, adopted in Pennsylvania in 1915 provides in part 2, sec. 7 (59 PS §12):

"In determining whether a partnership exists, these rules shall apply:

"2. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."

The fact that the parties conducting this taproom business were husband and wife serves to negate an inference of a partnership in the absence of any other factors. An additional factor tending to negate a partnership is that there was no sharing of profits provided for, an indispensable requisite of a partnership: Schuster v. Largman et al., 308 Pa. 520.

In Fehlinger v. Fehlinger, 39 Luz. 144, in an action by a wife against her husband for an accounting and partition of real and personal property used in a joint enterprise alleged to have been a partnership, the court decreed that where there was no proof of a partnership either by written or oral agreement and

where the man and wife used the proceeds of the business to pay off a mortgage and equipment and for living expenses, no partnership was ever entered into and the property was held by the entireties.

There is lacking here any evidence to indicate an agreement between Richard Thoraldson and Mary Thoraldson as to the conduct of their business as partners, and in the absence of such an agreement this court will not imply the existence of such a relationship between the parties. This is particularly true since such a relationship between husband and wife is not the normal state of affairs. Since, as between the parties, a partnership does not exist it becomes apparent that plaintiffs cannot claim that, as to them, defendant and his wife should be considered partners.

And now, August 25, 1952, for the foregoing reasons, it is ordered, adjudged and decreed that the rule is discharged and the petition dismissed.