## Sanders Estate

*B. A. Franks* and *Walter W. Gregory*, for accountant.

*Sherman H. Siegel*, for exceptant.

ANDERSON, P. J., July 2, 1959.—This estate is now before the court for audit and disposition of exceptions filed in behalf of the estate of H. Walter Sanders, deceased husband of this decedent, filed at no. 99 of 1959, A. A., and being audited also coincident herewith.

Prior to their deaths, both of which occurred to all legal intents simultaneously on April 30, 1958, they,

with their children, occupied and operated a farm in Chartiers Township, the title to such farm being held by them as tenants by entireties and such title was acquired after effective date of the Slayer's Act of August 5, 1941, P. L. 816, 20 PS §3441.

Decedent here died as a result of bodily injuries inflicted by her husband, who then committed suicide.

By stipulation of counsel, it was agreed in liquidation of the assets that proceeds from real estate would be paid to this estate and proceeds of sale of personal property to estate of husband, but reserving to each the privilege to raise who had legal right to such funds to be determined by the court. The farm, at the time of their deaths, was subject to a mortgage upon which there was due when actually paid the sum of $2,066.73. The mortgagee bank was beneficial creditor of an insurance policy on life of deceased husband to the extent of its then unpaid mortgage debt and remainder was made payable to husband or his estate, and such excess was paid to the personal representative of the husband. Such personal representative now claims entire fund realized from the sale of real estate as surviving tenant by entireties, with alternative that, if court determines that by provisions of Slayer's Act he can make no claim to such funds as survivor, that then his estate as beneficiary of such insurance policy is entitled to be subrogated to extent such insurance was used to pay mortgage in full.

In so far as his claim to all of the proceeds of sale of farm and surviving tenant by entireties, the court is satisfied that counsel does not seriously question that provisions of Slayer's Act of 1941, sec. 5, govern issue and subject to validity of subrogation claim, such funds are properly included as an asset of this estate.

The second exception filed is to inclusion in estate of decedent of proceeds of life insurance policies on life of Mary J. Sanders, payable by terms of policy

to H. Walter Sanders, with no alternative beneficiary named.

The court is of the opinion that by provisions of section 11 (a) the proceeds of such policies are properly payable to this decedent's estate. The exception to their inclusion in this decedent's estate is dismissed.

The law of subrogation, as court understands it, is where one of two persons to protect himself pays an obligation which he legally is only partially liable for, is surety for or is only secondarily liable to pay, he is permitted to recover from the principal debtor or codebtor, any excess part paid by him.

This definition is given in Bouvier's Law Dictionary, 3rd Ed., p. 3166:

"It is the substitution of another person in place of the creditor, so that the person substituted will succeed to all the rights of the creditor . . . and is broad enough to cover every instance in which one party is required to pay a debt for which another is primarily answerable, and which in equity and conscience ought to be discharged by the latter."

While the policy here involved was not placed in evidence, we understand that counsel agree that in the event of the death of the "slayer" the proceeds, subject to claim of subrogation, were to be paid to his estate except to extent that proceeds were needed to pay any balance due and unpaid on the mortgage on the farm involved.

Definitely the mortgage being secured on tenancy by entireties owned property, it can be safely assumed that "slayer" was a joint mortgagor with his wife, otherwise the mortgage would not have constituted a valid lien against the real estate.

It has been several times held by the courts that in obligations on which husband and wife as tenants by entireties are jointly bound by original obligation, that where one pays off the obligation with his or her

separate funds that such one is entitled to recover one-half of such amount from the other or the other's estate. See Dowler Estate, 368 Pa. 519-21-22 (1951). In this case, where husband and wife were jointly liable on a bond and mortgage on real estate owned by them as tenants by entireties, it was held the surviving spouse, who pays the balance due, is entitled to a contribution from deceased spouse's estate of one-half of the unpaid balance at time of deceased spouse's death.

See also case of Kershaw Estate, 352 Pa. 205 (1945), holding one paying all is entitled to a contribution from others.

Such conclusion was also reached by lower court in Long Estate, 65 D. & C. 95, when advancement of one-half of balance of purchase price due on equitable title of tenancy by entireties property held under their joint agreement of purchase by deceased husband's estate to his widow to assist in completing purchase was approved, the court saying, page 98:

"The concept of tenancy by the entireties is applicable only to the holding of property; it does not characterize obligations of both husband and wife. Cf. Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235, 239 (1939). The promise to pay the balance of purchase price created a joint obligation on the part of the decedent and his wife, and each person bound by a joint promise is bound for the whole performance thereof."

On authority of such decisions the husband's estate here is entitled to recover from his wife's estate but one-half of the amount paid with his insurance and not the entire amount, the one-half being his own obligation.

While no claim has been filed against the estate of H. Walter Sanders for the expenses incident to the burial of Mary J. Sanders, such expense is listed as

456

unpaid claim against her estate in favor of Bebout and Barnhill in the sum of $1,074.95. Legally this expense is an obligation of the deceased husband and should be paid from funds of his estate or, in part, allowed as a credit for the one-half of mortgage balance paid from his insurance.

It is, July 2, 1959,

*Ordered and Decreed*

That a decree of distribution in harmony with the foregoing discussion and findings be forthwith prepared and filed.