## Welmet Building & Loan Association *v.* Matchica.

Argued January 5, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles A. Rittenhouse, 3d,* with him *Thomas S. Lanard,* for appellant, cited: Long v. Cement Co., 302 Pa. 308; Kelly v. Clay Products Co., 291 Pa. 383.

*Francis R. Taylor,* of *Taylor, Hoar & Nicholson,* with him *Harry B. Watton,* for appellee.—The corporate fiction is disregarded by the courts where its purpose or effect, regardless of intention, has been to hinder, delay or defraud creditors in levying upon and selling property of a judgment debtor on execution at law: Kellogg v. Bank, 58 Kans. 43; First Nat. Bank of Chicago v. Trebein Co., 59 Ohio 316; Montgomery Web Co. v. Dienelt, 133 Pa. 585.

When an individual or corporation transfers his or its property to a new corporation, substantially owned and controlled by the transferers, the new corporation takes the property subject to the claims of the preëxisting creditors of the transferers: Delphia Knitting Mills Co. v. Richards, 62 Pa. Superior Ct. 9.

OPINION BY MR. JUSTICE SIMPSON, February 1, 1933:

In a writ of attachment execution, summoning William D. Gordon, secretary of banking, in possession of the United Security Trust Company, as garnishee, plaintiff caused to be inserted in the writ the words that the defendant was "also known and trading as State House

Restaurant, and......as State House Restaurant, Inc."
This is an unusual but not illegal insertion; its purpose
is to give to the garnishee record notice that debts due to
defendant, under those names, have been attached, as
ordinarily would be done, where no such insertion ap-
peared in the writ, by a formal notice from plaintiff or
his counsel to the garnishee or its counsel. The gar-
nishee was duly served and appeared to the proceedings,
and makes no objection to the form of the writ.

State House Restaurant, Inc., does object, however,
and, because thereof, filed a petition and obtained a rule
"to show cause why the attachment should not be strick-
en from the record." To the petition, plaintiff filed an
answer setting up countervailing facts; petitioner or-
dered the case down for a hearing upon petition and
answer; the court below dismissed the petition, and
petitioner appealed. The order is right.

The effect of appellants so ordering the case for a
hearing is thus stated by us in Kelly v. International
Clay Products Co., 291 Pa. 383, 385: "Under such cir-
cumstances, we are required to determine only the rele-
vant issues raised by the petition and answer, and, in so
doing, must accept as true the pertinent facts set forth
in the answer, and reject those which are alleged in the
petition but are denied by the answer." The reverse of
this would be true if it had been respondent who ordered
the case for a hearing upon petition and answer.

Considered thus, the relevant facts here are that de-
fendant was carrying on business under the name of the
State House Restaurant, which was registered by him
under the Fictitious Names Act of June 29, 1923, P. L.
979. In that name, he had a deposit account with the
United Security Trust Company at the time the judg-
ment in this case was entered; eleven days later he vol-
untarily transferred the account to petitioner, "without
consideration," defendant and his family owning, at that
time, ninety-nine per cent of the stock of petitioner.

Under such circumstances, it would have been grave error for the court below to have ruled otherwise than as it did. Plaintiff had and has the right to have determined whether or not that transfer to petitioner "without consideration" was in fraud of plaintiff's right as a creditor. This can be done upon the trial of an issue in the attachment proceeding, or, if the parties agree, by the court or auditor on the settlement and adjustment of the account, to be filed by the secretary of banking, of the funds collected by him from the assets of the United Security Trust Company. The latter course is preferred by the secretary, as appears from his answers to interrogatories in the attachment proceeding, but either will suffice, so far as the law is concerned.

The order of the court below is affirmed at the cost of appellant.