Rebic et al. *v.* Gulf Refining Company et al., Appellants.

Argued April 28, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leonard H. Krieger,* for appellants.

*Joseph A. Burns,* for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

The question involved in this appeal is whether a court which, pursuant to the authority granted in the Act of April 26, 1933, P. L. 88, has approved an agreement entered into by the father and next friend of a minor daughter, compromising her claim for damages resulting from injuries sustained through the alleged negligence of a third person, following which an action was brought and judgment entered in accordance with said agreement of compromise, may revoke its ap-

proval and open the judgment in said action, if of opinion that there is reasonable ground for believing that the averments in the petition asking for the approval of said agreement of compromise were untrue or misleading, that the injuries to the minor were not only much greater than stated in the petition, but also were permanent in character, and that the amount to be paid her guardian by way of compensating her for her injuries was grossly inadequate. The answer is, Yes. See Crawford's Est. 321 Pa. 131, 134, 135.

On October 15, 1934, Mary Rebic, a minor, fifteen years old, daughter of Mike Rebic and Margaret Rebic, his wife, was a passenger in an automobile which—it is alleged—was negligently run into by a truck of the defendant, Gulf Refining Company, driven by its agent and employee, Clinton Hammond. The girl was seriously injured and her injuries are of a permanent character. Her father, Mike Rebic, consulted an attorney, who took up the matter of a settlement of the claims of the minor and her parents with the attorney for the insurance company, which had insured the defendants, and arrived at a settlement or compromise of $1,450 for the injured minor—of which her attorney was to receive $400 —, and $325 for the parents. This attorney, then, on March 22, 1935, presented a petition to the County Court signed by Mike Rebic, the father, in which he set forth that he had brought suit to No. 285 of 1935 to recover the damages sustained by his daughter as well as by his wife and himself, by reason of the automobile accident aforesaid; that the injuries to his daughter consisted of simple fractures of the first, second and third lumbar vertebrae and bruises and contusions of the body; that she had almost entirely recovered from the effects of said injuries and while they were of a permanent nature, it was not believed that they would cause any disability; that his attorney, whom he had employed following said acci-

dent, had attempted to negotiate a settlement with the insurance carrier of the defendant corporation, but was informed by the said insurance carrier that its investigation revealed a doubtful liability; that an offer of settlement had been received in the sum of $1,450 for the minor, and $325 to the petitioner, being the amount of bills for medical and hospital services and for the purchase of a brace; that he believed said sum of $1,450 was a fair and reasonable settlement for the minor's claim under the circumstances and he recommended its acceptance and approval by the court; that $400 was a fair and reasonable sum for fees and expenses to be paid his attorney and he recommended that the court order that amount paid to his attorney, and the balance of $1,050 be paid to the estate of said minor. Thereupon the court, on motion of the plaintiff's attorney,—without having the minor produced in court[1] or any physician or surgeon present who could inform the court as to the extent of her injuries—entered an order authorizing the settlement of the minor's claim for damages for $1,450; directing the clerk to enter judgment in favor of the minor for that amount and in favor of her parents for $325; and that the defendants be authorized to pay plaintiff's attorney the sum of $400 and the balance $1,050 to the duly appointed guardian of said minor. Simultaneously with these proceedings an action was brought in the County Court, a plaintiff's statement was filed, claiming $1,450 damages for the minor plaintiff and $325 for her parents; judgments were entered for the respective plaintiffs as directed and were satisfied by the attorney for plaintiffs—all being done the same day, March 22, 1935.

---

[1] We understand that since the above order was made, and probably because of it, the court has very properly adopted a rule that no settlement of the suit of a minor for personal injuries will be authorized or approved without the appearance of the minor in court and the advice of a physician as to the extent of his or her injuries.

No guardian had then been appointed by the Orphans' Court for the minor's estate. The order of court directed that payment of the judgment in favor of the minor, less $400 attorney fee, be made to the guardian to be appointed. As a matter of fact it was not paid to any one, but retained by defendant, pending the appointment of a guardian. Hence the satisfaction of the minor's judgment was unwarranted and improper, and should be stricken off.

Subsequently the Potter Title & Trust Company was appointed guardian of the estate of said minor, Mary Rebic, and on June 10, 1935, its attorney, Joseph A. Burns, presented a petition to the County Court asking it to grant a rule to show cause why the said judgment in favor of Mary Rebic, the minor, should not be opened and set aside because of fraud in its obtainment; that fraud had been practiced on the minor plaintiff and the court in the statement in the petition that there was a doubtful liability on the part of the defendant when it and the attorney for the child's father both knew that the defendants' liability was clear; that fraud was practiced on the minor in the statement that she had [almost] recovered and would not be disabled, when they all knew that she would be disabled as long as she lived; and in that the statements in the petition for compromise were not supported by an affidavit of the attending physician; and that the settlement of her claim was grossly inadequate and a wanton and woeful neglect of her rights by those who should have guarded her interests. A petition of the Potter Title & Trust Company was also presented, asking that it be substituted as party plaintiff for Mike Rebic, as next friend, in said action. Rules to show cause were granted, which were subsequently made absolute. The answer filed to the rule to show cause why the judgment should not be opened and set aside was signed and sworn to by the attorney who represented the insurance carrier.

It was evasive and to some extent contradictory. It did not deny that the minor plaintiff is seriously and permanently disabled, but only averred that it was of opinion at the time that she had entirely recovered, and had been so informed by competent medical authority, but did not say by whom, or that the attending physician had so stated. No testimony was taken in support of petition or answer, but the case was set down for argument by the attorney for the defendants, and the rule adopted by the Supreme Court applies, viz., where one of the parties to a proceeding orders it down for argument on petition and answer, the court, in disposing of the matter, will accept as true all of the pertinent facts set forth in the pleading of the other party and will reject all those of the litigant who ordered the matter set down for argument, if denied by the other party: Welmet B. & L. Assn. v. Matchica, 310 Pa. 275, 165 A. 227; Hild v. Dunn, 310 Pa. 289, 165 A. 228.

The court below was satisfied that the ends of justice required a re-opening of the matter and vacation of the judgment, saying in part: "Whatever be the formal proprieties in the matter, or the technical right of the defendants to assign as error an order vacating a previous order of the court, we are all of the opinion that the proceedings must be reopened, the judgment set aside, and the guardian be given the opportunity to present the claim of the minor. We will not hesitate to reopen proceedings which involve the rights of a seriously-injured minor whose guardian asks for leave to intervene, that guardian's counsel making the serious charge that the minor's rights have been wantonly disregarded and that there was wilful neglect on the part of those who should have protected the minor's interest. No money has been paid over and no party to the situation is at all injured when we give the guardian an opportunity to prove permanent injuries. It may of course involve inconvenience and possibly a greater

judgment against the defendants. But the defendants will have every opportunity of course at trial to reassert their position, and above all, we shall have properly protected not only the rights of a minor, but the position of all concerned."

The court was not strictly accurate in saying that no money had been paid over. It probably meant that none had been paid over to the minor plaintiff or her guardian—$400 had been paid over to the original attorney for the plaintiffs. The defendants suggest that our ruling in In re Charles Mikasinovich, 110 Pa. Superior Ct. 252, 168 A. 506, requires that this should be paid back before the satisfaction will be stricken off and the judgment reopened. It does not. We ruled in that case that if the court set aside the release which had been improperly obtained—as it was alleged—it must order the guardian to return the money *in its hands* which had been received pursuant to the settlement. It could not set aside the settlement and keep hold of the money. In the present case no money has been paid to or received by the guardian. If a fraud was practiced on the court, to which the original attorney for the plaintiff was a party, the court will know how to deal with that matter when it is established, and will no doubt do so promptly and vigorously. But if a wrong was done, we will not hold up the righting of it until those responsible for it make good among themselves the money thus wrongfully obtained.

The judgment in favor of Mike Rebic and Margaret Rebic, his wife, in their own right, is not affected by the action of the court below in reopening and setting aside the judgment in favor of the minor plaintiff. While the Act of May 12, 1897, P. L. 62, directs, in effect, that where a minor is wrongfully injured and rights of action accrue to the child and to its parents in consequence, those two rights of action shall be redressed in one suit brought in their joint names, it does

not consolidate their rights of action, but separate verdicts must be rendered and separate judgments entered thereon. See Smith v. Bergdoll, 104 Pa. Superior Ct. 49, 54, 159 A. 462; Ehrlich v. Stiefel, 94 Pa. Superior Ct. 406, 408; Shaw v. Plains Twp., 270 Pa. 387, 113 A. 410. Hence the judgment in their favor and the satisfaction entered thereon are not affected by these proceedings.

Order affirmed.