## Wert v. Wildermuth et ux.

*L. L. Frank, J. L. Stauffer,* and *Harry W. Lightstone,* for plaintiff.

*Sidney Lappen,* for defendants.

PALMER, P. J., February 3, 1941.—On November 17, 1939, Sadie A. Wildermuth presented a petition praying that a rule issue upon Elias Wert, plaintiff, to show cause why a judgment entered against her and Earl A. Wildermuth to no. 359, March term, 1937, should not be opened, and she be allowed to make a defense.

The rule prayed for was granted by us ·(Palmer, P. J.), and in addition thereto it was ordered "all proceedings to

be stayed meanwhile, including sheriff sale, upon the condition that petitioners shall pay all costs incurred upon the execution". The costs were not paid, and on November 18, 1939, the sheriff sold the property of petitioners to counsel for the judgment creditor.

On November 22, 1939, defendants presented a petition, praying that a rule issue to show cause why the aforementioned sheriff's sale should not be set aside "as being irregular, unfair and illegal", whereupon the rule issued.

An answer to this rule was filed by plaintiff, Elias Wert, on January 8, 1940, and subsequently, without depositions having been taken, the case was ordered and placed upon the argument list of December 9, 1940, by him. The disposition of this petition is the matter now before us.

Counsel for defendants contends that the rule to show cause last issued should be made absolute for the reason that the sheriff's sale was irregular, unfair and illegal, and in support thereof urges that in the rule of November 17, 1939, the court should not have (1) included in its order the provision requiring petitioner to pay the costs, inasmuch as petitioner had shown that he could not have made application before the sale was advertised, by the exercise of reasonable diligence, and (2) that the rule under which the order was made violates article I, sec. 1, of the Constitution of Pennsylvania, and article I, sec. 9, and article I, sec. 11, of the same instrument, as well as article XIV, sec. 1, of the Constitution of the United States of America.

Rule 142 of our rules provides, insofar as it is pertinent to the question: "No motion to stay execution levied upon real estate shall be allowed after the sale has been advertised, except upon condition that the defendant shall pay all costs incurred upon the execution, unless the defendant shall show that he could not have made the application before the sale was advertised, by the exercise of reasonable diligence".

It is argued by defendants that, in the instant case, the record shows that she could not have made application before the sale was advertised by the exercise of reasonable diligence by invoking the application of the rule of the Supreme Court of Pennsylvania, providing that "where one of the parties to a proceeding orders it down for argument on petition and answer, the court, in disposing of the matter, will accept as true all of the pertinent facts set forth in the pleading of the other party and will reject all those of the litigant who ordered the matter down for argument, if denied by the other party": See Rebic et al. v. Gulf Refining Co. et al., 122 Pa. Superior Ct. 149, 154.

Abiding by this rule, we must therefore be bound by and accept as true the following allegation (paragraph 6) contained in defendant's petition to set aside the sheriff's sale, to wit: "That your petitioners had no knowledge whatever of the entry of said judgment, nor of the sheriff sale until a few days prior to November 18, 1939, the date set by the Sheriff of Schuylkill County for the sale of real estate". No other paragraph in the petition alleges anything material on this point. This may well be, but, notwithstanding, could she, by the exercise of reasonable diligence, have discovered that an execution had been issued on a judgment entered against her and the pending sheriff's sale? The judgment had been entered for more than two years before execution issued. If she "shall show", is the language in the rule. In the petition to set aside the sale, she did not aver expressly that she had shown or offered to show the court that she could not, by the exercise of reasonable diligence, have made the application prior to the advertisement of the sale.

Whether or no the allegation contained in paragraph 6 of the petition to set aside the sheriff's sale (quoted supra) is such "showing" is a more difficult question. She signed, admittedly, a judgment note authorizing therein a confession of judgment against her.

Since she had no knowledge that the judgment had been confessed, does it follow that she could not by the exercise

of reasonable diligence have discovered that it had been confessed, and that execution on the judgment had issued? A reasonably diligent person, after signing such an instrument, we believe, would inquire whether or not the power given therein had been exercised and could very easily ascertain from an examination of the record whether such action had been taken.

It is not being reasonably diligent to shut off and indolently barrenize your inquisitiveness in matters of so vital moment. It has been long a rule of our law that no man shall be permitted to take advantage of his own negligence and it is this well-settled maxim that forms the basis for the rule of court under consideration.

We, therefore, conclude that the fact that she had no knowledge of the entry of judgment is not "showing" that she could not, by the exercise of reasonable diligence, have learned of its entry and execution thereon. Further, the signing of the note, allowing judgment to be confessed, was sufficient to put the signer upon the duty of inquiry, and when inquiry becomes a duty, means of knowledge which it affords are regarded as legal equivalent of actual notice: Irving Trust Co. et al. v. Spruce Apartments, Inc., 44 F. (2d) 218; 29 Vale Pa. Digest, p. 503; and if this be sound law, petitioners at bar possessed the legal equivalent of actual notice and this is true even though the averment to the contrary must be accepted as true.

Counsel for petitioners further argues, however, that the rule itself violates the provisions referred to in the Constitution of Pennsylvania and the Constitution of the United States. Article I, sec. 1, of the Constitution of Pennsylvania provides:

"All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."

Counsel contends that the rule requiring petitioners to pay the costs of the sheriff's advertisement infringed the inherent right of petitioners to protect their property.

"Protect" means to keep in safety, guard, shield, but does not mean that one's property cannot be sold by a sheriff where execution legally follows upon a valid judgment, and we are unable to agree with counsel and so comprehend it.

Article I, sec. 9, of the Constitution of Pennsylvania provides:

"In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land."

Counsel for petitioners argues that the rule under question deprived his clients of their property in defiance of the law of the land. Taking his construction, one, if sued in assumpsit, trespass, replevin or in any civil action, could wait until his property had been sold by the sheriff following a judgment, and then move to set aside the sale on the ground that he was unable to pay the fee required to file an affidavit of defense, or to enter an appearance and hence would be entitled to nullify the sale.

So far as our search goes, such construction has not been hinted.

Article I, sec. 11, of our State Constitution provides:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Counsel contends that the requirement (within the rule) to pay advertising costs where reasonable diligence is not shown constitutes a denial of justice and cites in support thereof the cases of Rev. A. Schade v. Luppert, 17 Pa. C. C. 460, Jack v. Administrators of McClure,

26 Pa. C. C. 59, and Lutz v. Heasley, 12 Dist. R. 139. In the first case (Schade v. Luppert, p. 461) a rule of court provided:

"In all other cases (except in cases of nonresidents), the defendant after filing an affidavit of defence to the merits, may, on motion for special reasons assigned, supported by affidavits, obtain a rule on the plaintiff to show cause why he should not give security for costs, and upon the hearing of the rule the court will make such order as the special circumstances of the case may seem to require."

The court held that the rule could not be extended to cover the case of a man who by reason of poverty could not furnish security for costs because such action would contravene the injunction of the Constitution, and deny him justice. The court, in its opinion, disregarded the section of the rule reading "and upon the hearing of the rule the court will make such order as the special circumstances of the case may seem to require"; but it seems to us that under this clause, where one, by reason of poverty, is unable to give such security, the court could relieve him under the very rule itself, and thus save him from the denial of justice.

In the McClure case the court held that an insolvent resident who is a complainant in an equity suit cannot be required to give security for costs, for the reason that a poor man may not be able to furnish such security and hence is denied justice.

In the Lutz case the court held that a rule requiring an insolvent plaintiff to give security for costs did not apply where the plaintiff was a resident; and on the ground that such construction had been made upon the rule previously by the court.

In the case now before us, it is alleged in the petition to set aside the sale that petitioners were unable to pay the costs incurred by the sheriff, and under the Supreme Court rule referred to earlier in this opinion this must be taken as true, but as pointed out, if petitioners had used

reasonable diligence, they would not have been required to pay such costs.

One day before the sale, the petition to open the judgment was presented. Public officers are presumed to have performed their duty and it consequently follows that there appeared in two newspapers of daily general circulation and in the Legal Register, once a week for three successive weeks, the advertisement that the property of petitioners was to be sold on November 18, 1939, and further, that public notices of the sale were posted upon the property itself, and in other public places. If these matters were not known of by petitioners, yet they could have been known by the exercise of reasonable diligence for a long time before the day just prior to the sale.

To allow the reason that petitioners were not aware of the pending sale to be substituted for the requirement of "reasonable diligence" could conceivably result in denying justice to the execution creditor. Armed with an averment that he is unable to pay the costs, a petitioner could await the verge of the sale, and if his cause were to finally succeed the advancements made by all execution creditors or by the sheriff would be lost. Thus, a mere allegation of inability to pay could be made an instrument of injustice.

Lastly, counsel contends that rule 142 contravenes the "due process" clause in the Fourteenth Amendment to the Constitution of the United States.

The phrase "due process of law" refers to certain fundamental rights which that system of jurisprudence of which ours is a derivative has always recognized. If any of these is disregarded in the proceedings by which a person is condemned to the loss of life, liberty, or property, then the deprivation has not been by due process of law: Hurtado v. California, 110 U. S. 516. What fundamental right is denied by our rule? Is one denied, upon sufficient allegation, the right to obtain a rule to show cause why a judgment should not be opened, and thus have an opportunity to prevent the sale of his property upon such judgment? Certainly not, but it does require

only reasonable diligence on his part that he may avoid the payment of expenses incurred. Surely this reasonable requirement does not deny any fundamental right, and after assiduously endeavoring to ascertain that it does do so, we are unable so to conclude.

And now, February 3, 1941, the rule to show cause why the sheriff's sale by which petitioners' property was sold to an agent of plaintiff should not be set aside is discharged at the cost of petitioners.