## Wuestner v. Manning et al.

*Marcu, Marcu & Marcu*, for plaintiff.

*Wilhelm F. Knauer*, for claimant.

*Albert M. Hoyt, Jr.*, for garnishee.

SLOANE, J., April 8, 1943.—Claimant-petitioner is the wife of this defendant judgment debtor. They live as husband and wife at the place where the personal property was levied upon by the sheriff in execution and satisfaction or partial satisfaction of the debt. But

claimant asserts that title and possession to the levied personal property were in her and not her husband.

With this assertion, claimant filed a petition for leave to file her own bond, in which she averred that she "is in possession of said goods and chattels" and "did not derive title to the said goods by, from or through the defendant". Plaintiff creditor filed an answer squarely denying these allegations and averring "on the contrary . . . the articles levied upon were purchased by defendant and were . . . the property of said defendant and in his possession". No depositions at all were taken; the issue here then is whether on this state of the record (petition and answer) claimant's right to file her own bond appears.

The Act of June 22, 1931, P. L. 883, sec. 5, 12 PS §2362, provides that if property levied on is found ". . . in the possession of the claimant [or his agent or bailee] and not in the possession of the defendant in the execution or process, the court may permit the claimant to file his own bond, upon it being shown that the claimant does not derive his title thereto by, from, or through the said defendant". The conditions are thus (1) possession in claimant, and (2) derivation of title from one other than defendant. Plaintiff's answer properly and effectively denies both. We must accept as true the responsive averments of plaintiff's pleading, and reject those of claimant, since it is claimant who has set this matter down for argument on petition and answer. (See Welmet B. & L. Assn. v. Matchica, 310 Pa. 275, 277 (1933), Hild v. Dunn, 310 Pa. 289, 292 (1933), Long v. Keystone Portland Cement Co., 302 Pa. 308, 315, 316 (1931), Kelly et al. v. International Clay Products Co., 291 Pa. 383, 385 (1928), Rebic et al. v. Gulf Refining Co et al., 122 Pa. Superior Ct. 149, 154 (1936)).

1. On the question of claimant's possession at the time of the levy, her position is that since it is ad-

mitted that she lived in the same house with her husband, where the goods were located, plaintiff's answer does not deprive her of the benefit of the rule that where goods levied upon are in the joint possession of a claimant wife and defendant husband such possession is sufficient under the act to entitle her to file her own bond. She relies on Anders & Jervis Motor Co., to use, v. Gander et ux., 40 D. & C. 459 (1941), but forgets that in that case plaintiff filed no answer denying possession in the claimant or asserting possession in defendant. The only issue there was whether claimant's petition was sufficient in not alleging specifically that defendant husband was not in possession. Nor do the other cases upholding the right of a wife having joint possession with her defendant husband to file her own bond have, as here, a responsive answer denying the wife's and asserting the husband's possession. See, for example, Liberal Finance Co. v. Lempert et al., 14 D. & C. 724 (1930), J. Blumenthal & Co. v. Rosenblatt & Blum Bros., 5 D. & C. 763 (1925), and Hochman v. Carroll, 19 Dist. R. 243 (1909). The answer of plaintiff in the instant case effectively denies any possession in claimant; the possession of defendant is asserted "on the contrary" to the possession averred by claimant. This we consider ample denial of possession, sole or joint, in claimant, and an allegation that defendant's possession was sole and exclusive of his wife. Such pleading is sufficient to rebut any "presumption" of joint possession. Cf. J. Blumenthal & Co. v. Rosenblatt & Blum Bros., supra. Without depositions, these pleadings are accepted in plaintiff's favor, and defeat claimant's petition.

2. Claimant has also failed in the second condition: That she "show" that she did not derive title from her husband defendant. This condition need not be shown with the degree of proof required to establish ownership at the trial (Secretary of Banking v. Promislo, 42

D. & C. 386 (1941) ) ; specific allegation has been held sufficient without proof where no answer is filed (Hochman v. Carroll, supra). But proof in support of the allegation is necessary where a responsive answer has been filed. The right to file one's own bond is often a decided practical advantage, and the favor shown by the courts to married women residing with their husbands should not be extended to relieve claimant from fulfilling the requirements of the act where on them she receives direct challenge. Here claimant has not offered anything to overcome plaintiff's answer, and her petition for leave to file her own bond must be dismissed. It is so ordered.