## Price v. Jordan

*Merrill W. Kerlin* and *Swirles L. Himes,* for plaintiff.

*John W. Mentzer,* for defendant.

SHEELY, P. J., May 22, 1951.—The first question involved in this case is the proper application of Pa. R. C. P. 209 where a respondent orders a case on the argument list on petition and answer without taking depositions or ruling petitioner either to take depositions or to list the case for argument on petition and answer as provided in that rule. Petitioner filed a petition to open judgment alleging facts which, if true,

were sufficient for that purpose. Respondent, as executrix under the will of plaintiff, filed an answer averring that she was without knowledge or information with respect to the averments of the petition because the means of proof were within the exclusive control of petitioner and therefore denying the averments of the petition and demanding proof. Respondent, without taking further action, listed the matter for argument.

Under the provisions of Pa. R. C. P. 209 if, after the filing and service of the answer, the moving party (petitioner) does not within 15 days either take depositions on disputed issues of fact or order the case for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule), respondent may take a rule on petitioner to show cause why he should not proceed in either of the ways indicated. If petitioner shall not then proceed within 15 days after the rule is made absolute, respondent may order the cause for argument on petition and answer with the same effect as though it had been ordered for argument by petitioner. In the note of the Procedural Rules Committee it is stated that this rule does not abolish existing practice in counties in which a matter on petition and answer is automatically listed for argument by the prothonotary, and that the first part of the rule follows the principle enunciated in numerous opinions of the Supreme Court that a petitioner, by ordering a matter down on petition and answer, admits the averments of a responsive answer. It is further stated that the last sentence is intended to modify the converse principle appearing in Welmet B. & L. Assn. v. Matchica, 310 Pa. 275 (1933), and Rebic v. Gulf Refining Co., 122 Pa. Superior Ct. 149 (1936), that respondent makes a similar admission if he orders the matter down on petition and answer.

In Rebic et al. v. Gulf Refining Co. et al., 122 Pa. Superior Ct. 149, 154 (1936), President Judge Keller stated the rule as adopted by the Supreme Court to be:

"Where one of the parties to a proceeding orders it down for argument on petition and answer, the court, in disposing of the matter, will accept as true all of the pertinent facts set forth in the pleading of the other party and will reject all those of the litigant who ordered the matter set down for argument, if denied by the other party," citing Welmet B. & L. Assn. v. Matchica, 310 Pa. 275 (1933); Hild v. Dunn, 310 Pa. 289 (1933).

In that case the averments of the petition were taken as true because the case was listed for argument by respondent. In Welmet B. & L. Assn. v. Matchica, 310 Pa. 275 (1933), the case was listed for argument by petitioner and the court held that under such circumstances it must accept as true the pertinent facts set forth in the answer and reject those which are alleged in the petition but denied by the answer. Mr. Justice Simpson then stated, as dictum: "The reverse of this would be true if it had been respondent who ordered the case for a hearing upon petition and answer." In Hild v. Dunn, 310 Pa. 289 (1933), respondent contended that since the proceeding was heard upon petition and answer the averments of the answer must be accepted as true. Mr. Justice Simpson said:

"This would be so, if defendant (petitioner) had ordered it for a hearing in that way" but since the record did not indicate which litigant ordered the case for hearing, the court declined to apply the rule.

The reason for Rule 209 is further explained in Goodrich-Amram §209-1:

"Where an order of an attorney was required, it frequently happened that a case was in effect deadlocked after the filing of an answer because the attorney for neither side would be willing to take the

initiative of ordering the case for argument and the attorney for the petitioner would not proceed to take depositions."

It is then pointed out that former practice placed respondent in an unfortunate position in that he could not order the case for argument without admitting petitioner's allegations and thus losing the benefit of his answer. The rule was intended to eliminate this difficulty by providing a means whereby respondent could proceed without losing the effect of his answer.

Pa. R. C. P. 209 clearly provides the result where petitioner lists the case for argument on petition and answer and where respondent lists the case for argument after petitioner fails to proceed after being ruled so to do. The rule does not provide, however, for the situation of a respondent listing the case for argument on petition and answer without first ruling petitioner to proceed. Since Pa. R. C. P. 209 was adopted for the express purpose of modifying the rule stated in Rebic v. Gulf Refining Co., 122 Pa. Superior Ct. 149 (1936), it must follow that the Supreme Court intended that, except as modified, the rule stated in that case should continue in force: Pa. R. C. P. 127. If the rule prior to the adoption of Pa. R. C. P. 209 were otherwise than as stated in the Rebic case there would have been no occasion for the last sentence of rule 209 and that sentence would be meaningless. Consequently it is unnecessary to consider the cases referred to in footnote 5 to Goodrich-Amram §209-1, in none of which was the holding of the Rebic case specifically overruled.

In the annotations to Goodrich-Amram, page 17, the case of Wise v. Levin, 42 D. & C. 354 (1941), is cited as following Goodrich-Amram, sec. 209-1, and as holding that responsive averments in an answer are admitted even though respondent listed the case for argument without following the procedure in Pa. R. C. P. 209. The author states: "The Court here assumed that

the respondent intended to invoke the Rule." How the court could assume that respondent intended to invoke a rule which respondent ignored is not clear. The fact is that the court gave no consideration whatever to the effect of rule 209 upon prior practice and assumed that under the rule the averments of the answer were to be considered as admitted regardless of which party listed the case for argument. It is submitted that had the Procedural Rules Committee desired to attain this result it could have done so by a simple rule providing that if petitioner failed to take depositions within a certain time the case could be listed for argument on petition and answer by either party and that under such circumstances the responsive averments of the answer should be taken to be true.

Since rule 209 provides a means by which respondent can list the case for argument without losing the effect of his answer, the logical conclusion must be that if he fails to avail himself of the means provided he has waived the effect of his responsive answer. This conclusion is in accord with our conclusion in Mellott v. Lynch, C. P. of Fulton County, January term, 1937, no. 34 (1942).

On the present record, therefore, the judgment should be opened. However, the opening of a judgment is within the discretion of the court, and a judgment should not be opened unless the court is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury: Schyulkill Trust Company et al. v. Sobolewski et ux., 325 Pa. 422, 424 (1937). If the judgment is opened and petitioner is unable, at the trial, to produce sufficient testimony to establish the defense alleged in his petition the judgment would stand and both parties would have been put to unnecessary expense and delay. Since plaintiff in this judgment is deceased and all the matters alleged in the petition relate to transactions

between plaintiff and defendant there is some doubt whether petitioner can establish these facts, and if he cannot establish them by depositions preliminary to the opening of the judgment he could not establish them at the trial. Consequently no substantial right of petitioner would be affected, and no hardship would be imposed upon him, if the court would now direct the taking of depositions before ordering the judgment to be opened. Under Pa. R. C. P. 126 the court would seem to have have this power. See also Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235, 242 (1939).

And now, May 22, 1951, it is ordered and decreed that petitioner proceed to take depositions in support of his petition, the depositions to be filed in this court prior to July 1, 1951.