## Plank v. Plank

*Eugene R. Hartman*, for plaintiff.
*Donald G. Oyler*, for defendant.

SHEELY, P. J., March 17, 1956.—Plaintiff filed a complaint in divorce on February 11, 1955, which was duly served upon defendant. No appearance was entered by defendant and a hearing was held before the master on May 12, 1955, at which plaintiff and his witnesses were present and testified. Defendant had been properly notified of the hearing but did not appear. On May 13, 1955, the master received a letter from defendant indicating that she had a defense to the action which she would like to interpose. The mas-

ter replied that she had a right to be heard but that he could not accept her letter as evidence. He advised her of her right to apply for the allowance of counsel fees and expenses and postponed further action for 30 days to give her an opportunity to secure counsel. Upon the expiration of that time a further postponement was granted.

On July 23, 1955, defendant presented a petition praying for the allowance of counsel fees and expenses and on August 1, 1955, the parties stipulated that plaintiff should deposit $50 for counsel fees and $50 for expenses. The deposit was made but further delays took place due to the failure of defendant to indicate to her counsel when she would appear and, on November 4, 1955, defendant petitioned the court for leave to take her own testimony and that of her mother by oral depositions in Hartford, Connecticut, and for an additional allowance for counsel fees to employ counsel in Hartford for that purpose. An answer to the petition was filed by plaintiff, and the matter is now before the court on petition and answer.

No depositions were taken but since the matter was listed for argument by plaintiff, respondent in the rule, the allegations of the petition must be deemed to be admitted: Welmet Building & Loan Association v. Matchica, 310 Pa. 275 (1933) ; Rebic v. Gulf Refining Company, 122 Pa. Superior Ct. 149 (1936) ; Pa. R. C. P. 209. The relevant allegations of fact contained in the petition are that defendant resides with her mother in Hartford, more than 100 miles from Gettysburg, and that she is infirm and physically unable to travel to Adams County in order to give her testimony.

Pa. R. C. P. 4003 (a) (2) provides that a deposition for use at trial in open court may be taken of a witness who is outside the Commonwealth and of any witness who is more than 100 miles from the courthouse, either by written interrogatories upon notice or by

oral examination by leave of court on motion. The word "witness" as used in this rule includes a "party": Goodrich-Amram 4003(a) (4). Both defendant and her mother would, therefore, come within the purview of the rule and their depositions could be taken by written interrogatories upon notice and without leave of court. But, defendant desires to take the depositions by oral examination instead of by written interrogatories, and this requires leave of court. The rules fail to provide the circumstances which will govern the granting of leave for oral examination and, as stated in Goodrich-Amram 4003(a) (6) : "Since no direct guide is found in any specific language of the rules themselves, the court should try to select the most effective method of recording the testimony, consistent with fair treatment of both parties." The fact that written interrogatories may be taken on notice and without leave of court while oral examination requires leave of court indicates that the latter should not be granted unless there are good reasons for such practice.

Pa. R. C. P. 4008 provides that if a deposition is to be taken by oral examination the court may make an order requiring the payment of reasonable expenses, including attorney's fees for the opposite party. This provision is similar to that contained in the Act of June 8, 1911, P. L. 709, 28 PS §9, which authorized oral examinations outside the Commonwealth. It is suggested by the authors in 4003(a) (6) that this power to impose the expenses on the party seeking oral examination might have an important bearing on the question of whether leave should be granted. That is, if the party seeking oral examination will pay all of the expenses of the opposing party, including counsel fees, the opposing party could not be materially harmed by the taking of depositions by oral examination. But, in this case the person seeking oral examina-

tion not only does not propose to pay the expenses of the opposing party, but she seeks to have plaintiff pay her expenses including additional counsel fees for her necessitated by the oral examination. This expense to plaintiff would be in addition to his own expenses, including additional counsel fees and travel expense to Hartford, which would be necessary. Under such circumstances leave should not be granted unless there are most compelling reasons.

The only factual reason given by defendant is that she is infirm and physically unable to travel to Adams County, but no facts as to the nature of her infirmity or physical disability or of their probable duration are given. She argues that oral examination is much more satisfactory than written interrogatories, but this is true in every case and cannot be the determining factor. The only witness other than herself whom defendant proposes to call is her mother, and she desires to take the mother's testimony also by oral examination. The practical effect of such action would be that defendant's entire case would be submitted by depositions with no opportunity on the part of the master to observe the witnesses to determine their credibility, while plaintiff's case would be established by testimony before the master. In other words all of defendant's case would be introduced in Hartford, Conn.

Considering the greatly increased expense to plaintiff of taking depositions by oral examination, with no showing of plaintiff's ability to pay such additional expenses, and the fact that defendant has delayed the present action for a considerable period of time, and the fact that the granting of the prayer of the present petition would establish a dangerous precedent in divorce cases, we are constrained to deny defendant's motion.

The motion included a prayer for additional counsel fees and expenses. As we have indicated, there is no

showing of plaintiff's ability to pay or of defendant's inability to pay and, therefore, there is no basis on which we could now make an order for counsel fees and expenses: Rothman v. Rothman, 180 Pa. Superior Ct. 421, 425 (1956). Furthermore, much of the work of counsel has been due to difficulties with defendant and to her effort to avoid coming to Gettysburg for a hearing. The motion for additional counsel fees and expenses will be denied without prejudice to the right of defendant to renew such motion at a later date if it becomes necessary.

And now, March 17, 1956, defendant's motion to take depositions by oral examination and for additional counsel fees and expenses is denied without prejudice to the right of defendant to renew her motion for counsel fees and expenses at a later date if necessary. It is further ordered that unless defendant shall proceed to take depositions by interrogatories or shall arrange for a hearing before the master within 30 days from this date the master shall file his report.