## Roach v. Nilson

*Butler & Butler, Thomas R. Butler,* for plaintiffs.

*Agulnick & Talierco, Ronald M. Agulnick,* for defendants.

*Ronald M. Agulnick, Agulnick & Talierco,* for garnishees.

*Butler & Butler, Thomas R. Butler,* for additional garnishees.

SHELLEY, J., Twelfth Judicial District, Specially Presiding, June 1, 1971.—This matter is before us on

defendants' and garnishees' preliminary objections entered to the above number and term. Plaintiffs to September term, 1967, no. 33, filed a complaint in foreign attachment against the above-named defendants and the above-named Title Abstract Company of Pennsylvania, as garnishee. Defendants and garnishee filed preliminary objections which were sustained by this court and the foreign attachment was dissolved. The opinion, however, contains the following proviso: "But whatever remedies plaintiffs may have by fraudulent debtor's attachment or otherwise, they are not cognizable in this proceeding."

Thereafter, plaintiffs filed a complaint in fraudulent debtor's attachment to the above number and term against the above-named defendants and Title Abstract Company of Pennsylvania as garnishee to which preliminary objections were filed by both defendants and garnishee. The preliminary objections were "based on a want of property of the defendants in the possession of the garnishee at the time of the service of the attachment." Each of the preliminary objections had endorsed thereon a notice to plead within 20 days. Plaintiffs subsequently filed answers to the preliminary objections.

Thereafter, plaintiffs filed a praecipe for reissuance of writ of fraudulent debtor's attachment against defendants and Ronald M. Agulnick, individually and as attorney for Title Abstract Company of Pennsylvania, Earl D. Reese, an assignee of defendants to the funds which are the subject of these proceedings. Thereafter, plaintiffs filed a complaint as to additional garnishees. There was no allegation in the amended complaint of any property of defendants being in the hands of the said Ronald M. Agulnick. Later a *writ of foreign attachment* was served on the above-named Ronald M. Agulnick.

Garnishee Ronald M. Agulnick filed preliminary objections to plaintiff's writ of attachment wherein it was averred that the preliminary objections were "based on want of property of the defendants in the possession of the Garnishee at the time of service of the attachment."

Defendant and garnishees Title Abstract Company of Pennsylvania and Earl D. Reese filed preliminary objections, averring lack of jurisdiction over their person and to the service of the writ on the said Ronald M. Agulnick, Esq., who "never did have authority to accept service on behalf of any of the above named."

Plaintiffs chose to ignore Pennsylvania Rule of Civil Procedure 209 and ordered the matter down for argument on the April 1971 argument list without proceeding with depositions on disputed issues of fact or ruling defendants and garnishees to proceed under Pa. R. C. P. 209. The argument was had and the matter is now before us for disposition.

The following questions are raised:

(1) Where, rather than proceeding under Pa. R. C. P. 209 for a rule to show cause upon the moving party, the responding party elects to order the issue down for argument without taking depositions on disputed issues of fact, what effect, if any, may be given to the various pleadings then under consideration?

(2) Was there any property of defendants in hands of garnishees, or any of them, at the time of service upon them?

Rule 209 has been determined to be applicable to preliminary objections to a writ of foreign attachment, Billingsley et al. v. Rand International, Ltd., et al., 13 Chest. C. R. 151 (1965).

The rules of foreign attachment are adopted as part of the fraudulent debtor's attachment rules and except as otherwise provided, the procedure in an action

commenced by a writ of fraudulent debtor's attachment is governed by the rules relating to foreign attachment: Pa. R. C. P. 1285. Therefore, rule 209 is applicable in this case.

Prior to the adoption of rule 209, where a respondent, without taking depositions of disputed issues of fact, ordered the matter down on petition and answer, he lost the effect of his answer and admitted all the averments well pleaded in the petition: Welmet Building & Loan Association v. Matchica, 310 Pa. 275 (1933); Rebic et al. v. Gulf Refining Company et al., 122 Pa. Superior Ct. 149 (1936).

The adoption of rule 209 was intended to promulgate a procedure whereby the respondent could avoid the results of this rule by compliance with the procedures set forth therein. Rule 209 did not abrogate the basic holdings of Welmet and Rebic, supra, but rather created an exception to that result where, and only where, the respondent proceeded in strict accordance with the procedures set forth in rule 209. The last paragraph of the commissioners' comments under rule 209 states:

"The last sentence is intended to modify the converse principle appearing in Wilmet B. & L. Association vs. Matchica, 310 Pa. 275 (1933) . . . that the respondent makes a similar admission if he orders the matter down on petition and answer."

The modification referred to is set forth in the last sentence of Pa. R. C. P. 209 which provides:

"If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer in which event, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

Since plaintiffs did not proceed under rule 209, it

seems clear that the averments set forth in the preliminary objections must be admitted as true.

This court held in Billingsley et al. v. Rand International, Ltd., et al., supra, on page 152 that "Under Rule 209 the garnishee cannot safely list for argument his preliminary objection because the legal equivalent of a denial of his allegations of fact arising from the failure to require plaintiffs to plead thereto would be fatal; on the other hand plaintiffs cannot safely list for argument that preliminary objection without first proceeding to take depositions because by so doing they would waive or forfeit the benefit of the legal equivalent of a denial of garnishee's allegations of fact arising from not being required to plead thereto, citing cases. In those circumstances plaintiffs seek to preserve the advantage of their position and at the same time break the stalemate by forcing both the defendant and garnishee to take depositions or suffer the consequences provided in Rule 209."

It is further clear from a reading of the Billingsley case, supra, that the procedure provided for in Pa. R. C. P. 209 applies when there is no notice to plead on the preliminary objections, but they are nevertheless ordered down for argument on the objections alone without depositions in support of disputed issues of fact. Therefore, all preliminary objections are deemed admitted for the purpose of the argument in this matter.

Considering what we have said above, we conclude that at the time of service upon Title Abstract Company of Pennsylvania, there was no property of defendants in the hands of Title Abstract Company of Pennsylvania, it having been paid previously to Ronald M. Agulnick, Esq., as attorney for Earl D. Reese.

It is equally clear from the preliminary objections that at the time of service upon Ronald M. Agulnick,

Esq., there was no property of defendants in the hands of Ronald M. Agulnick, Esq., having previously been paid to Earl D. Reese and the check negotiated and cleared. It follows, therefore, there was never an attachment of property of defendants and if there was no property in the hands of the garnishees at time of execution of the writ by service, then the preliminary objections must be sustained and the action dismissed.

Accordingly we make the following

### ORDER

And now, June 1, 1971, it appearing that there was no property of defendants in the hands of any of the garnishees at the time of execution of the writs upon respective garnishees, all preliminary objections filed shall be, and hereby are, sustained; all attachments shall be, and hereby are, dissolved and the complaint dismissed.

Costs to be paid by plaintiffs.