## Fallon et al. v. Esher et ux.

*Daniel W. Kearney*, for plaintiffs.

*Frank S. Moser*, for defendants.

TROUTMAN, J., July 11, 1949.—On March 1, 1949, plaintiffs, John J. Fallon and Frank J. Rosini, trading and doing business as F. & R. General Excavators, instituted an action in assumpsit against Harold Esher and Dorothy Esher, defendants. Defendants filed preliminary objections to plaintiffs' complaint, one in the form of a motion for a more specific complaint and the other in the nature of a demurrer.

In support of their preliminary objection in the nature of a motion for a more specific complaint, de-

fendants assigned seven reasons for such objection. The first reason is that the complaint fails to set forth in what capacity defendants are being sued and whether their alleged liability is joint or several.

The complaint alleges that defendants are the operators of the Anchor Diner located at Paxinos, Pa., and that they, defendants, engaged plaintiffs to excavate an area of ground connected with their place of business. While the complaint does not allege that they are partners, it does allege that they are at least co-operators of the said business. There is no allegation in the complaint that defendants are husband and wife but it is specifically alleged that they both engaged plaintiffs to do the excavation work for them. We are of the opinion that the complaint sufficiently sets forth that they both entered into the alleged contract upon which suit is brought and in the absence of any further averment, the complaint alleges a joint liability on the part of defendants.

The general rule is that an obligation entered into by more than one person is presumed to be joint and that a several responsibility will not arise except by words of severance. In other words, an obligation undertaken by two is presumably joint in the absence of express words to render it several or joint and several. One of the rules for determining whether a contract is joint is whether the interest of the parties in the subject matter is joint. An obligation by, or a right given to, two or more persons is a joint obligation or right, and there should be distinct words of severance to produce a several responsibility or right: 12 Am. Jur. §268.

The complaint alleges that defendants are the operators of the business at Paxinos and that both of them contracted with plaintiffs to have the work done. If there is any other relationship than that alleged in the complaint such would be a matter of defense which

defendants can set forth in an answer to the complaint. Defendants cite the case of Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235, as authority for their position. That case deals with the general question as to whether or not a husband and wife may be partners in carrying on a business and more particularly deals with the question as to whether or not the relationship existing between the husband and wife was that of partners rather than of tenants by the entireties.

In DuBois Lumber and Coal Co. v. Strouse, 112 Pa. Superior Ct. 6, which is a case relied upon by defendants, the question was whether or not the wife was actively interested as a partner with her husband in his business enterprise generally or in a joint enterprise in the construction of a particular house. We submit that this case raises an entirely different question than that raised in the instant case now before us. In DuBois Lumber and Coal Co. v. Strouse, supra, the statement of claim did not allege a copartnership relation but it did aver a joint enterprise and the court held that the testimony of defendant wife was sufficient to warrant the submission to the jury of the question of what the actual business relationship was. The complaint in this case avers that defendants operate the Anchor Diner, which would indicate a joint enterprise. Therefore, defendants' first reason is without merit.

The second reason assigned for a more specific complaint is that paragraph 3 of the complaint is insufficient and at variance with Exhibit A in that said paragraph alleges that plaintiffs performed certain services and supplied certain materials as set forth in the exhibit but the exhibit indicates that other persons than plaintiffs performed services and supplied materials.

We are of the opinion that there is no merit in this reason and reach that conclusion from a careful reading of paragraph 3 of the complaint. That paragraph avers that defendants engaged plaintiffs to excavate the area of ground for the purpose of erecting thereon an ice skating rink and that the excavating was performed by plaintiffs at the request of defendants and in Exhibit A, attached and made a part thereof, plaintiffs attempt to itemize the various types of equipment used upon the job together with the dates when such equipment was used, the hours which such equipment was worked and the various charges per hour for the use of such equipment. While it is true the exhibit indicates the various firms and individuals who performed the work, nevertheless, all of the work performed and equipment used were engaged in the excavation of the plot of ground for which plaintiffs were responsible to defendants. There is no indication in the complaint that plaintiffs, in the least particular, sublet any responsibility for performing the services to anyone else. The exhibit simply sets forth in detail all the work performed by plaintiffs for defendants and sets forth the trucks and equipment used by plaintiffs in the performance of the work requested by defendants, together with the hours and dates of the work done and performed. There is no averment that this exhibit is meant as a book account or as a statement of an account between plaintiffs and defendants but the exhibit is simply incorporated as a part of their complaint and merely gives notice to defendants of those facts which plaintiffs intend to prove at trial, and plaintiffs will be obliged to meet the burden which they have thus assumed of proving the facts therein by a preponderance of evidence. See Dando-Schaff Printing & Publishing Co. v. Schoettle Company, 27 D. & C. 677.

The third reason assigned for the preliminary objection in the nature of a motion for a more specific complaint, is that the complaint is insufficient in that it fails to set forth whether the claim of defendants is based on an express agreement or an implied agreement.

The averments of the complaint are to the effect that defendants requested plaintiffs to excavate an area of ground connected with their place of business for the purpose of erecting thereon an ice skating rink and at defendants' request did make the excavation and perform for defendants the work requested. Such language clearly shows a request on the part of defendants to have the work done and the execution of the work by plaintiffs. Such circumstances at least raise an implied obligation on the part of defendants to pay the reasonable value of the services rendered by plaintiffs.

Where a person performs services, furnishes property or expends money for another at the other's request and there is no express agreement as to compensation, a promise to pay the reasonable value of the services or property or to reimburse for money expended may properly be implied where the circumstances warrant such an inference: 12 Am Jur. §5. In Home Protection Building and Loan Association Case, 143 Pa. Superior Ct. 96, it was held that a promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service.

We are of the opinion that the complaint clearly sets forth a contract between plaintiffs and defendants, there being a request made by defendants to plaintiffs to perform certain work, which work was entered into and, as far as plaintiffs are concerned, was com-

pleted. Under such circumstances a promise to pay the reasonable value of such services is implied. Therefore, we are of the opinion that the third reason assigned for the preliminary objection is without merit.

The fourth reason assigned by defendants is that paragraph 3 of the complaint is insufficient in that it fails to set forth the time, place and manner of performing the work and supplying materials as therein alleged. Exhibit A sets forth the type of equipment used, the dates that the equipment was in use and the hours that the equipment was used each day, the place at which it was used and the rates for the hiring of such equipment. However, there is no averment as to the manner of performing the work. There is nothing to indicate the size of the area that was to be excavated, the amount of excavation necessary, the amount of materials that had to be removed or used as fill or an accurate description of what was actually done with the equipment such as the shovel, bulldozer and trucks.

We are of the opinion that defendants are entitled to a more specific description of the manner in which the work was performed. In this respect there is merit to defendants' fourth reason in support of his preliminary objection and the objection must be sustained in this respect.

The sixth reason which complains that the complaint is insufficient in that it fails to set out specifically what services were performed and what materials were supplied in such manner as to show the character and value of the particular items of the claim raises the same question as was raised under the fourth reason as to the manner of performing the work. We are of the opinion that this is a valid reason for objection and must be sustained.

As was pointed out in the discussion of the third reason in support of defendants' preliminary objection

the cause of action is based upon an implied promise to pay the reasonable value of the services performed by plaintiffs. In order for plaintiffs to show the reasonable value of the services performed by them it is incumbent upon them to describe what was actually done and that the work which was performed, the materials used and the equipment hired were necessary to complete the work which had been requested by defendants. While the complaint does set forth that defendants had requested plaintiffs to excavate an area of ground connected with defendants' place of business for the purpose of erecting thereon an ice skating rink, nevertheless the complaint does not set forth what work was actually performed by plaintiffs.

As we have previously stated, there is no adequate description of the type of excavation necessary or any reason shown why trucks and other equipment were necessary to complete the work which was requested by defendants. Not only are defendants entitled to a more specific statement of the work performed but it is to the advantage of plaintiffs themselves to sufficiently set forth the value of the services performed in order for them to prove their claim. We are of the opinion that defendants are entitled to a more specific complaint in relation to the matters contained in the sixth reason for defendants' preliminary objection.

The fifth reason assigned by defendants in support of their preliminary objection is that the complaint is insufficient in that it fails to set forth the date when plaintiffs completed supplying the work and materials as therein alleged. A careful reading of Exhibit A attached to the complaint indicates that the work was completed on November 3, 1948, although there is no specific averment that the work was completed on that date. We are of the opinion that inasmuch as we have found merit in several reasons of defendants for their preliminary objection, that plaintiffs should specifi-

cally set forth the date of completion of the work which they alleged had been performed by them at the instance and request of the defendants. In passing upon the question of dates, it would be better pleading to set forth in the complaint the date when payment on account was made by defendants to plaintiffs. We shall sustain the fifth reason in support of the preliminary objection of defendants.

In respect to the seventh reason assigned by defendants, we are of the opinion that the complaint does set forth that plaintiffs were to excavate an area of ground for the purpose of an ice skating rink, nevertheless, it does not specifically aver what work was actually done by plaintiffs in the performance of the request made by defendants. We are of the opinion that defendants are entitled to have the complaint specifically set forth what work was agreed to be done and what work was in fact done by plaintiffs. Otherwise, the pleadings will be so uncertain that it will be impossible for defendants to actually know what proofs they are to meet at the trial of the case, much less make an answer to the averments of the complaint in an intelligent manner. Therefore, the seventh reason is sustained.

We find that there is merit in a portion of defendants' fourth reason and in their fifth, sixth and seventh reasons in support of their preliminary objection in the nature of a motion for a more specific complaint and we therefore sustain the preliminary objection.

In respect to the preliminary objection in the nature of a demurrer in support of which eight reasons have been assigned by defendants, we are of the opinion that the complaint does set forth a good cause of action and is sufficient in law to support the action upon the averments contained in the complaint. Many of the reasons given for the action of the court in relation to the disposition of the preliminary objection

in the nature of a more specific complaint are applicable in disposing of the reasons in support of the demurrer. By sustaining the former preliminary objection, many of the reasons for the preliminary objection in the nature of a demurrer can be cured by an amended complaint. Therefore, finding the reasons assigned for the preliminary objection in the nature of a demurrer without merit, we hereby dismiss said preliminary objection.

### Order

And now, to wit, July 11, 1949, defendants' first preliminary objection in the nature of a motion for a more specific complaint is sustained and plaintiffs' complaint is hereby dismissed with leave granted plaintiffs to file an amended complaint in accordance with this opinion within a period of 10 days from the date hereof, and defendants' preliminary objection in the nature of a demurrer is hereby dismissed. Let exceptions be noted for both plaintiffs and defendants.